# NEW ORLEANS CITY AND LAKE RAILROAD COMPANY *v.* LOUISIANA *ex rel.* CITY OF NEW ORLEANS.

ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

No. 29. Submitted January 10, 1895. — Decided March 4, 1895.

The act of the legislature of Louisiana of July 12, 1888, No. 133, authorizing the enforcement by mandamus without a jury of contracts by corporations with municipal corporations in that State with reference to the paving, grading, repairing, etc., of streets, highways, bridges, etc., simply gives an additional remedy to the party entitled to the performance, without impairing any substantial right of the other party, does not impair the obligation of the contract sought to be enforced, and is not in conflict with the Constitution of the United States.

At October term, 1890, a motion was made by *Mr. Samuel L. Gilmore* on behalf of the defendant in error to dismiss the

writ of error in this case, then No. 1314 on the docket of that term, or to affirm the judgment of the court below. This motion was opposed by *Mr. Charles F. Buck* for the plaintiff in error, and was denied by the court April 6, 1891, without an opinion. The case now decided is stated in the opinion.

*Mr. George Denègre* and *Mr. Walter D. Denègre* for the plaintiff in error submitted on their brief.

*Mr. E. A. O'Sullivan* for the defendant in error submitted on his brief.

MR. JUSTICE HARLAN delivered the opinion of the court.

By the first section of an act of the general assembly of Louisiana, approved July 12, 1888, No. 133, and entitled " An act providing a summary remedy against corporations to compel a compliance with certain obligations and contracts with municipal corporations, and providing ways and means to enforce said remedy," Laws of 1888, 191, it was provided that " in all cases where any corporation has heretofore contracted with, or may hereafter contract with, or shall be otherwise legally bound to any parish or municipal corporation in this State, with reference to the paving, grading, repairing, reconstructing, or care of any street, highway, bridge, culvert, levee, canal, ditch, or crossing, and shall fail or neglect to perform said contract or obligation, the said parish or municipal corporation, or any officer thereof, or any five taxpayers thereof, shall have the right to proceed by a writ of mandamus to compel the performance of said contract or obligation, or any part thereof, which writ of mandamus shall be made returnable in five days, shall be tried by preference over all other cases, without a jury, in vacation as well as in term time, and in case of appeal shall be tried by preference in the appellate court."

The second section provided that " in case any corporation shall fail or neglect to comply satisfactorily with any judgment against it in such a proceeding within the time therein

fixed, (which time shall be fixed by the court at such period within which the work can be reasonably done,) it shall be the duty of the court, on contradictory motion and proof taken in the same case, to issue a writ of distringas against said company, and to order the sheriff to do the work required to be done, and to apply the revenues and property of said company to defray the expenses incurred in executing the judgment of the court."

The third section repeals all laws and parts of laws contrary to the provisions of that act.

The State of Louisiana on the relation of the city of New Orleans — evidently proceeding under the above act — filed a petition in the Civil District Court, parish of Orleans, against the New Orleans City and Lake Railroad Company, in which it was alleged, among other things —

That under the terms of certain contracts and ordinances, whereby the defendant was operating the Levee and Barracks, Camp and Prytania, Camp and Magazine, Rampart and Dauphine, Canal Street, Metaric Road and Bayou St. John, the Esplanade and Bayou Bridge lines, and the steam railway to the Lake, the New Orleans City and Lake Railroad Company was "bound and obligated, among other things, to keep the paved and unpaved streets, through which its tracks pass, as well as all the bridges on said streets, in good repair and condition from curb to curb during the continuance of its franchise and right of way; to raise, repair, and repave any and all intersections of streets when required by relator upon lines and levels to be furnished by the city surveyor; to widen and deepen any and all culverts and sluices to such dimensions as may be required and directed by the city surveyor; to keep in repair all bridges, and to make new ones, when required by relator, on all streets through which its lines pass; to pave, on all unpaved streets through which its lines pass, the lines of said tracks within the rails with either round stones or with four by five inch scantling in the best workmanlike manner, and to plank the space between the lines of the track and the gutters of the streets with yellow pine planks three inches thick, laid on stringers

four inches thick by eight inches wide, and to use flat rails
for its tracks, and to keep its tracks in repair and good con-
dition; that by the terms of the said contracts, acts, and
ordinances under which it is operating the extension of the
Camp and Prytania line and the extension of the Camp and
Magazine line, the said New Orleans City and Lake Railroad
Company is bound and obligated, among other things, to con-
struct all crossings, bridges, culverts, and wings of the same
on the streets through which its tracks pass which, in the
opinion of the commissioner of public works and the city sur-
veyor, are at any time needed, and to keep the said streets
between the banquette curb lines, including all plankings,
crossings, bridges, culverts, and wings of the same, and also
all the intersections of the streets of this route at all times,
in good roadway order and condition; to use flat rails, five
inches, resting on suitable change at their ends, as well spiked
with six-inch wrought-iron spikes; to traversely plank the
entire space between the rails and tracks with three by twelve
inches milled pine, and to place along the two outer sides of
the tramways throughout this route, close to the stringers and
on a level with the top of the rail one plank not less than
three by twelve inches in dimension, and to keep its tracks in
good order and condition;" and

That "in violation of its said obligations, the said New
Orleans City and Lake Railroad Company, although there-
unto often requested, neglects and refuses to keep the streets
through which its tracks pass in good order and condition; to
repair and keep in good condition the bridges and intersec-
tions on said streets; to provide the proper drainage and to
build and keep in repair the proper culverts; to use the flat
rails; to plank upon unpaved streets referred to in said con-
tracts the space between the lines of the tracks and the
gutters of the streets as required by said contracts, and to
place the 3 by 12 inches plank level with the top of the rails
on the streets referred to in said contracts where there are
double tracks, or to keep in repair such planking where it has
been placed on the streets referred to in said contracts where
there are single tracks, and has in many other divers ways

violated its contracts with relator and the law, all of which will more fully and at large appear from the report of the city surveyor and the further bill of particulars which is hereunto annexed and made part hereof."

The relief asked was a writ of mandamus to compel the defendant to perform all the above matters and things which under said contracts and by law it was obligated to do and perform.

An exception and answer was filed, one of the grounds of exception and of defence being that the above act of 1888 was in violation of the contract clause of the Constitution of the United States.

By the final judgment of the court of original jurisdiction the mandamus was made peremptory, and the defendant was required to commence and to complete within three months from the date of the rendition of the judgment certain described work and repairs on streets and roads specified in the petition.

·Upon writ of error to the Supreme Court of Louisiana the judgment was amended by striking out that portion which imposed on the defendant company the obligation of keeping in good order and condition the streets or roadways on the sides of the middle or neutral grounds on Canal, Rampart, and Esplanade Streets, in New Orleans, and by rejecting the demands in that respect. Thus amended, the judgment was affirmed at the cost of the railroad company.

The only Federal question presented upon this writ of error is whether the act of 1888 is repugnant to the clause of the Constitution forbidding States from passing a law impairing the obligation of contracts.

That statute does not embrace contracts between private individuals nor contracts of every description, but only those by or under which private corporations, parties to such contracts, become legally bound to a parish or to a municipal corporation in reference to the paving, repairing, reconstructing, or care of any street, highway, bridge, culvert, levee, canal, ditch, or crossing, belonging to or under the control of such municipal corporation. The prompt discharge of the duties

imposed by contracts of that character is of importance to the public. Indeed, the refusal to meet the obligations imposed by such contracts often endangers both the health and safety of the people. Delay in such matters may seriously imperil the interests of an entire community. An action at law to recover damages for a failure or refusal of the defaulting corporation to do what its contract obliges it to do might prove to be inadequate for the protection of those interests.

What the act of 1888 does is to give a parish or municipal corporation an additional and more summary remedy for the enforcement of the obligation of any contract relating to the paving, repairing, reconstructing, or care of its streets, highways, bridges, culverts, levees, canals, ditches, or crossings. It does not enlarge the obligation assumed by the defaulting corporation, nor impose new burdens upon such corporation, but only enables the other party to the contract, the public, as represented by the parish or municipality, to compel the performance of that obligation. Modes of procedure in the courts of a State are so far within its control that a particular remedy existing at the time of the making of a contract may be abrogated altogether without impairing the obligation of the contract if another and equally adequate remedy for the enforcement of that obligation remains or is substituted for the one taken away. *Bronson* v. *Kenzie*, 1 How. 311, 315; *Von Hoffman* v. *Quincy*, 4 Wall. 535, 552; *Conn. Life Ins. Co.* v. *Cushman*, 108 U. S. 51, 64; *McGahey* v. *Virginia*, 135 U. S. 662, 693. Much more may the State give an additional and more efficacious remedy for the enforcement of contracts in the performance of which the public health and the public safety are involved; provided always, that the new remedy is consistent with the nature of the obligation to be enforced, and does not impair any substantial right given by the contract. One who engages by contract to do a certain thing cannot claim that the obligation he has assumed is impaired by legislation that is designed only to enforce performance of his obligation.

The plaintiff in error relies with confidence upon *State ex rel. New Orleans* v. *N. O. & Carrollton Railroad Com-*

*pany*, 37 La. Ann. 589, determined by the Supreme Court of Louisiana in 1885. That was an application for a writ of mandamus against a railroad company to compel it to perform the obligation it had assumed by what the court regarded as an express written contract with the city of New Orleans to repair certain streets in that municipality. The court held that the writ was properly refused, the principal reason being that, according to the principles of the law of mandamus, the remedy by mandamus cannot be invoked to enforce obligations arising simply from contract as distinguished from a duty imposed by law. It is said, and it is probably true, that the act of 1888 was passed in order to overcome the difficulties suggested by that decision. However this may be, it is clear that the question here is wholly different from that presented in the other case. That question, as we have seen, is whether a statute authorizing the enforcement, by writ of mandamus sued out by a parish or by a municipal corporation, of contracts such as are described in the act of 1888, is a law forbidden by the contract clause of the Constitution.

We hold, for the reasons we have stated, that such a law, simply giving an additional remedy to the party entitled to performance, without impairing any substantial right of the other party, does not impair the obligation of the contract sought to be enforced.

*Judgment affirmed.*