BERNHEIMER *v.* CONVERSE.

DREY AND BERNHEIMER *v.* CONVERSE.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Nos. 278, 279. Argued April 25, 26, 1907.—Decided May 27, 1907.

This court in this case followed the judgment of the highest court of the State in determining that a corporation was not within the exception, constitutional and statutory, as to stockholders' liability in favor of certain classes of corporations. Where, as in Minnesota, stockholders' liability is fixed and measured by the Constitution, a stockholder upon

acquiring his stock incurs an obligation arising from the constitutional provisions, and as such capable of being enforced in the courts not only of that State but of another State and of the United States.

There is a broad distinction between laws impairing the obligation of contracts and those which simply give a more efficient remedy to enforce a contract already given, and the statute of Minnesota of 1899 for the enforcement of stockholders' liability, under which the constitutional liability can be enforced by the receiver without the State, is not void under the impairment of obligation clause of the Constitution of the United States because it repealed a prior act under which the stockholders' liability could not be so enforced.

An act intended to make effectual a liability which is incurred by stockholders under the constitution of the State and which operates equally upon all stockholders and assesses all by a uniform rule should not, in the absence of substantial reasons, be rendered nugatory, and the Minnesota act of 1899 will not be declared void as violating the constitutional rights of stockholders either because it provides for fixing the liability in a proceeding within the State to which non-resident stockholders are not parties, or because it changes the procedure for collecting the assessment, and gives the receiver the right to maintain actions without the State.

One who becomes a member of a corporation assumes the liability attaching to such membership and becomes subject to such regulations as the State may lawfully make to render the liability effectual.

While a chancery receiver, having no authority other than that arising from his appointment, may not maintain an action in another jurisdiction, a receiver may sue in a foreign jurisdiction to collect statutory liability of stockholders where the statute confers the right upon the receiver as *quasi-*assignee.

Section 55 of ch. 588, N. Y. Laws of 1892, limiting the time within which to bring an action against a stockholder for a debt of the corporation does not apply to an action brought by a receiver to enforce statutory liability of stockholder of a foreign corporation.

THESE are writs of error to the Circuit Court of the United States for the Southern District of New York.

The actions were brought (January 28, 29, 1904) by Theodore R. Converse as receiver of the Minnesota Thresher Manufacturing Company, a corporation of the State of Minnesota, to enforce an alleged stockholders' liability under the constitution and laws of the State of Minnesota. The court below held the executors of Simon Bernheimer and Isaac Bernheimer, both having died before the suits were brought, liable as such stockholders.

The record discloses that the Minnesota Thresher Manufacturing Company was incorporated under the laws of the State of Minnesota on the fifth of December, 1884, the objects for which the corporation was formed being the purchase of the capital stock, evidences of indebtedness and assets of the Northwestern Manufacturing and Car Company, also a corporation under the laws of the State of Minnesota, and for the further purpose of manufacturing and selling steam engines, farm implements, machinery, etc., and the manufacture and sale of articles, implements and machinery of which wood and iron form the principal parts.

The Northwestern Manufacturing and Car Company was in the hands of a receiver, carrying on its business under the orders of a court, and, on October 27, 1887, the property and plant of that company, including all its bills receivable, farmers' notes and assets were sold under decree and purchased by the Minnesota Thresher Manufacturing Company. The last-named company continued in business until December, 1900. On December 14 of that year the property and business of the thresher company were placed in the hands of a receiver by the order of the Circuit Court of the United States for the District of Minnesota, in a suit for the foreclosure of a mortgage upon its property, and this receiver carried on the business until the mortgaged property was sold under a decree of foreclosure on May 25, 1901.

On May 6, 1901, the Merchants' National Bank of St. Paul obtained a judgment in the District Court of Ramsey County, Minnesota, against the thresher company, and executions thereon having been returned unsatisfied, the judgment creditor brought suit against the thresher company for the appointment of a receiver and the enforcement of the individual liability of its stockholders in the District Court of Washington County, Minnesota. In that suit Theodore R. Converse, defendant in error in these cases, was appointed receiver. On the petition of the receiver, for the purpose of providing funds for the payment of the expenses of the receiver-

ship in the enforcement of the stock liability and payment of indebtedness, an order was made, December 22, 1902, reciting, among other things, that copies of an order of April 16, 1902 (not in the record), had been published, mailed and served as therein required, and that due notice of the hearing had been given to the defendant company and to each stockholder of record as directed by the order, and, on a hearing duly had, an order of assessment of thirty-six per cent. of the par value of each share of the capital stock of the thresher company, to wit, eighteen dollars per share, was assessed against each and every share of the capital stock and against each and every person, corporation or party liable as such stockholder, and each such person, corporation or party was directed to pay to the said receiver, at his office in the city of Stillwater, Minnesota, within thirty days after the date of the order, the said sum of eighteen dollars a share; and, further, upon failure to pay said sums, the receiver was authorized to prosecute actions or proceedings against the persons liable in any court having jurisdiction in the State of Minnesota or elsewhere. On appeal to the Supreme Court of the State of Minnesota this order was affirmed. 90 Minnesota, 144. Subsequently, as stated, these actions were brought and judgment rendered against the executors of the Bernheimers.

*Mr. Lawrence Arnold Tanzer* for plaintiffs in error:

The statute of 1899, under which the proceedings for the assessment were taken, impairs the obligation of the contract between the stockholders and the creditors.

'The liability is a contractual liability.' *Hanson* v. *Davison*, 73 Minnesota, 454, 460; *Flash* v. *Conn*, 109 U. S. 371, 377; *Hawthorne* v. *Calef*, 2 Wall. 10; *Whitman* v. *Oxford National Bank*, 176 U. S. 559, 563; *Knickerbocker Trust Co.* v. *Myers*, 133 Fed. Rep. 764, affirmed *Myers* v. *Knickerbocker Trust Co.*, 139 Fed. Rep. 111, 112, 114; *Carroll* v. *Green*, 92 U. S. 509, 513.

The terms of the stockholders' contract are embodied in the constitution and statutes in force at the time when he ac-

quired his stock. *Von Hoffman* v. *City of Quincy*, 4 Wall. 535, 550; *Webster* v. *Bowers*, 104 Fed. Rep. 627.

The constitution and the statute are to be construed together. *Allen* v. *Walsh*, 25 Minnesota, 543, 551; *Whitman* v. *Oxford National Bank*, 176 U. S. 559, 563; *Middletown National Bank* v. *Toledo &c. Ry. Co.*, 197 U. S. 394, 405.

The provisions creating the liability are to be strictly construed, and cannot be extended beyond the words used. *Brunswick Terminal Co.* v. *National Bank of Baltimore*, 192 U. S. 386, 390; *Converse* v. *Ætna National Bank*, 64 Atl. Rep. 341, 344.

The act of 1899 deprives stockholders of property without due process of law, by authorizing a conclusive judgment against non-resident stockholders who have not been served with process.

The only notice to stockholders provided for by the act is that on the petition being filed the court "shall direct such notice of such hearing to be given by the party presenting said petition, by publication or otherwise, as the court in its discretion may deem proper." Section 6 provides that it shall be the duty of the assignee or receiver to bring an action against every stockholder for the amount so assessed against him.

In the case at bar, the defendants were not parties to the assessment proceedings, and had no knowledge in fact of them. They contend that the statute, permitting a conclusive assessment against them without service of process upon them, deprives them of their property without due process of law.

Due process of law requires personal service of process, or a voluntary appearance. *Mason* v. *Eldred*, 6 Wall. 231, 239; *Pennoyer* v. *Neff*, 95 U. S. 714, 733, 734; *Haddock* v. *Haddock*, 201 U. S. 562, 567; *Clark* v. *Wells*, 203 U. S. 164, 170.

The Minnesota court was without jurisdiction to make the order of assessment.

These actions were brought upon the assessment order, as on a judicial determination binding upon the defendants. Whether the District Court of Washington County, Minnesota,

had jurisdiction to make that determination is a proper subject of inquiry, for if that court acted without jurisdiction, its determination is a nullity, and no recovery can be based on it. *Williamson* v. *Berry*, 8 How. 495, 540; *Thompson* v. *Whitman*, 18 Wall. 457, 468; *Old Wayne Life Assn.* v. *McDonough*, 204 U. S. 8, 15–17.

That court had no jurisdiction of the subject-matter, because no state of facts existed under which it was authorized to appoint a receiver and make an assessment. The statute of 1899 authorizes the District Court to proceed in the manner therein prescribed, in certain cases. Unless one of those cases or states of fact existed, the court had no jurisdiction to proceed. *Thatcher* v. *Powell*, 6 Wheat. 119, 127; *East Tennessee, Va. & Ga. R. R. Co.* v. *Southern Telegraph Co.*, 112 U. S. 306, 310; *Griffith* v. *Frazier*, 8 Cranch, 9, 23; *Hatch* v. *Ferguson*, 68 Fed. Rep. 43, 45; *Murray* v. *American Surety Co.*, 70 Fed. Rep. 341, 346.

The District Court had no jurisdiction of the persons of the defendants, because it failed to give them the notice required by the statute. Even if compliance with this requirement would constitute due process of law, the burden of proof was upon plaintiff to show such compliance; in default of which he has failed to show jurisdiction over the persons of the defendants, and the assessment order is a nullty. *Galpin* v. *Page*, 18 Wall. 350; *Windsor* v. *McVeigh*, 93 U. S. 274, 283, 284; *Old Wayne Life Assn.* v. *McDonough*, 204 U. S. 8, 18.

The actions were barred by limitation, because not brought within two years after the defendants ceased to be stockholders in the thresher company, within the meaning of § 55 of the Stock Corporation Law of New York which provides that "no action shall be brought against a stockholder after he shall have ceased to be a stockholder, for any debt of the corporation, unless brought within two years from the time he shall have ceased to be a stockholder."

The provision cited is a statute of limitations relating to the liability of stockholders in all stock corporations, and

is applicable not only to an action against a single stockholder on a single debt, but also to liabilities of all the stockholders to contribute ratably to a deficiency. *Adams* v. *Wallace,* 82 App. Div. 117; *Adams* v. *Slingerland,* 89 App. Div. 312; *Sanford* v. *Rhoads,* 113 App. Div. 782.

The limitation is applicable to actions against stockholders. in all corporations, foreign as well as domestic.

General Corporation Law of New York (Laws of 1892, Chapter 687), §§ 2, 3, subd. 5, § 33. *Platt* v. *Wilmot,* 193 U. S. 602; *Hobbs* v. *National Bank of Commerce,* 96 Fed. Rep. 396.

When the defendants ceased to be stockholders within the meaning of this statute is a question of local law, upon which the decisions of the state courts are controlling. *Great Western Telegraph Co.* v. *Purdy,* 162 U. S. 329, 339.

The question has been decisively settled in *Hollingshead* v. *Woodward,* 107 N. Y. 96.

*Mr. William G. Wilson,* with whom *Mr. C. A. Severance* was on the brief, for defendant in error:

The plaintiff, as receiver, is entitled to maintain actions in New York and elsewhere to enforce the individual liabilities of the defendant's testators and other stockholders, inasmuch as those liabilities are made assets for the payment of corporate obligations and are vested in the receiver.

The constitution of Minnesota imposed upon stockholders of the Minnesota Thresher Company a general and several liability for all legal obligations of the corporation to an amount equal to the par value of the stock respectively owned or held by them.

The act of 1899, in legal effect, vested the title to these individual liabilities in the receiver, as a trustee for creditors, and directly authorized the receiver to maintain actions for their collection wherever the stockholder should be found.

The receiver thereby became a statutory assignee. See *Kennedy* v. *Gibson,* 8 Wall. 498; *Relfe* v. *Rundle,* 103 U. S. 222; *Howarth cases.*

The right of a Minnesota receiver appointed and proceeding under the act of 1899 is recognized and, in legal effect, approved by this court in the *Burget case,* 188 U. S. 739, when it reversed the judgment in *Hale* v. *Allinson,* 188 U. S. 56, where the receiver had been appointed before the act of 1899 was passed and refused to entertain the *Burget case,* although its attention was explicitly drawn to the claim that the two cases presented the identical question. And this, also, although this court had in the meanwhile held in *Finney* v. *Guy,* 189 U. S. 335, that a Minnesota receiver appointed before the act of 1899 could not maintain such action.

The right of the present receiver, Converse, to maintain these present actions in the Federal court in New York, is not open to question. *Willis* v. *Mabon,* 48 Minnesota, 140; *Whitman* v. *Oxford Bank,* 176 U. S. 559; *State* v. *Thresher Co.,* 40 Minnesota, 213; *Merchants' Bank* v. *Thresher Co.,* 90 Minnesota, 144; *Bank* v. *Winona Plow Co.,* 58 Minnesota, 167; *Forsyth* v. *Hammond,* 166 U. S. 506; *Bank* v. *Converse,* 200 U. S. 425; *Hale* v. *Hardon,* 89 Fed. Rep. 283; *Howarth* v. *Angle,* 162 N. Y. 179, 187; *Howarth* v. *Lombard,* 175 Massachusetts, 570, 574, 579; *Hale* v. *Allinson,* 188 U. S. 56; *Relfe* v. *Rundle,* 103 U. S. 222; *Burget* v. *Robinson,* 123 Fed. Rep. 262; *Finney* v. *Guy,* 189 U. S. 335.

The obligations and liabilities of the stockholders of the thresher company rest upon a contract by which they have submitted themselves to the jurisdiction and control of the State of Minnesota. *Bank* v. *Deuveaux,* 5 Cranch, 61; *Marshall* v. *B. & O. R. R. Co.,* 16 How. 314; *Muller* v. *Dows,* 94 U. S. 444.

The legislation of Minnesota in providing an adequate and effectual remedy for enforcing the obligations and liabilities of stockholders does not impair any obligation of their contracts. *Sturges* v. *Crowinshield,* 4 Wheat. 122, 197; *Bank* v. *Francklyn,* 120 U. S. 747, 755; *Evans* v. *Nellis,* 187 U. S. 271; *Bank* v. *Reckless,* 96 Fed. Rep. 70; *Commonwealth* v. *Bank,* 3 Allen (Mass.), 42; *Story* v. *Furman,* 25 N. Y. 214; *Bronson* v. *Kinzie,* 1 How. 315; *Railroad Co.* v. *New Orleans,* 157 U. S. 224.

MR. JUSTICE DAY, after making the foregoing statement, delivered the opinion of the court.

Before entering upon a discussion of the objections urged against the validity of the assessment upon stockholders which is the subject of controversy here, we may say we find no reason to disagree with the judgment of the Supreme Court of Minnesota in holding the Minnesota Thresher Manufacturing Company to be a corporation organized for other than the purpose of carrying on any kind of manufacturing or mechanical business, and therefore not within the exception as to stockholders' liability in favor of corporations of that kind. *State* v. *Minnesota Thresher Man. Co.*, 40 Minnesota, 215; *Merchants Bank* v. *Minnesota Thresher Man. Co.*, 90 Minnesota, 144.

The questions made in these cases involve the right to recover upon a stockholder's liability in a Federal court in a State other than the one in which the original proceedings in liquidation were had, and under whose laws the corporation was formed and wherein it carried on business, against stockholders in such corporate companies as the thresher company, where the stock had been acquired before the passage of the statute of 1899. General Laws of Minnesota, chap. 272, being "An act to provide for the better enforcement of the liability of stockholders of corporations."

A former statute had been for some years in force in Minnesota and was the statute law of the State when the stock which concerns the controversy here was acquired by the Bernheimers. This statute was before this court in the cases of *Hale* v. *Allinson*, 188 U. S. 56, and *Finney* v. *Guy*, 189 U. S. 335. It was the act of 1894, General Statutes of Minnesota of that year, chap. 76, p. 1595, and is set forth in full in the margin, 188 U. S. p. 60.

Under that act it was held, in a series of decisions in the State of Minnesota, which were reviewed in *Hale* v. *Allinson*, that an action could only be maintained under the laws of

Minnesota when brought by a creditor or creditors for the benefit of all creditors of the corporation, and the recovery was had for the purpose of making good any deficiency in the corporate assets for the payment of corporate debts; that the receiver could not maintain such an action outside of the jurisdiction of the court appointing him, and that the only remedy was, as stated, in a creditor's action, bringing in all the stockholders, for the realization of a fund to be proportionately distributed among the creditors in one suit.

The principal contentions in these cases are that the act of 1899, above referred to, works such a change in the contract theretofore existing by virtue of the acquisition of stock in a. Minnesota corporation as to impair the obligation thereof, and, in ways to be hereafter noticed, undertakes to hold a stockholder by judgment rendered without due process of law.

The act of 1899 was before this court in the case of the *First National Bank* v. *Converse*, 200 U. S. 425, and its principal parts are set forth in the margin of the report of that case on page 428. The act, for our purposes, may be summarized as follows:.

"Sec. 1. Whenever any corporation created or existing. under the laws of the State of Minnesota, whose stockholders or any of them are liable to it or to its creditors . . . . upon or on account of any liability for . . . . the stock or shares at any time held or owned by such stockholders, respectively, whether under or by virtue of the constitution and laws of said State of Minnesota, or any statute of said State or otherwise, has heretofore made or shall hereafter make any assignment for the benefit of its creditors under the insolvency laws of this State; or whenever a receiver for any such corporation has heretofore been or shall hereafter be appointed by any. district court of this State, whether under or pursuant to . . . any statute of this State or under the general equity powers and practice of such court, the district court appointing such receiver or having jurisdiction of the matter of said assignment may proceed as in this act provided."

Section 2 provides that upon the petition of the assignee or receiver, or any creditor of the corporation who has filed his claim, the District Court shall appoint a time for hearing not less than thirty days nor more than sixty days from the time of filing said petition, and direct notice of the hearing to be given by publication or otherwise, in the discretion of the court, but if the petition be filed by a creditor, other than the assignee or receiver, the court shall direct notice of the hearing to be personally served on the assignee or receiver.

Section 3 provides that the court shall consider the proofs offered by the assignee or receiver, or by any creditor or stockholder who may appear in person or by attorney, as to the probable indebtedness of the corporation and the expenses of the assignment or receivership and the probable amount of assets available for the payment of such indebtedness and expenses; also as to what parties are or may be liable as stockholders and the nature and extent of such liability. And if it shall appear to the satisfaction of such court that the ordinary assets, or such amount as may be realized therefrom in a reasonable time, will not be sufficient to pay the expenses of such assignment or receivership and the indebtedness, and it is necessary to resort to the liability of stockholders, the court shall, by order, direct and levy a ratable assessment upon all parties liable as stockholders, or upon or on account of any stock or shares of such corporation for such amount as the court in its discretion may deem proper, taking into account the probable solvency or insolvency of stockholders and the probable expenses of collecting the assessment, and shall direct the payment of the amount so assessed to the assignee or receiver within such time as the court may specify in said order.

Section 4 provides for an order to the assignee or receiver to proceed to collect the amount so assessed, unless it be paid within the time specified in the order, and in default of payment the receiver is to bring suit.

Section 5 provides that the assessment levied shall be con-

clusive upon and against all parties liable upon or on account of any shares of said stock of such corporation, whether appearing or having notice thereof or not, as to all matters relating to the amount of and the necessity for said assessment, which provision shall also apply to any subsequent assessment levied by order of the court.

Section 6 makes it the duty of the assignee or receiver, upon failure to pay as required by the order, to institute and maintain an action against any party liable upon or on account of any such shares of stock, and that actions may be maintained against each stockholder in Minnesota or in any other State or country, where such stockholder, or any property subject to attachment, garnishment, or other process may be found, and provides that if the assignee or receiver shall believe any such stockholder to be insolvent, or that the expense of prosecuting such action will work to the disadvantage of the estate, he shall not be required to prosecute the same, unless specifically directed so to do by the court.

Section 7 provides for further assessments in case the first proves inadequate.

Section 8 extends the provisions of the act to such subsequent assessments.

Section 9 provides where two or more assessments are levied or directed, the assignee or receiver may join the causes of action against any stockholder on two or more such assessments.

Section 10 provides that if the assignee or receiver fails to institute or prosecute the action, the creditors may petition the court to compel him to proceed, under certain conditions.

Section 11 provides for the return of the surplus, if any remain, in the hands of the assignee or receiver after paying the expenses of the assignment or receivership and the claims of the creditors, and that stockholders who have paid assessments shall, in addition to the remedy provided in the statute, be entitled to enforce contributions from stockholders who have not paid assessments.

Section 12 provides for additional judgments in case of the inadequacy of former assessments.

Section 13 excludes certain stockholders in pending actions from the operation of the act.

This statute came before the Supreme Court of Minnesota in *Straw & Ellsworth Company* v. *Kilbourne Boot & Shoe Manufacturing Company,* 80 Minnesota, 125. In that case it was given full consideration and its constitutionality sustained, and it was held that while the assessments upon the outstanding shares of stock in an amount necessary to meet the deficiency in the assets of the corporation was conclusive upon the stockholders as members of the corporation, yet the statute, properly construed, did not have the effect to deprive a person, when sued for the amount assessed on shares of stock under the provisions of the act, from showing that he was not a stockholder, or that he was not the holder of so large an amount of stock as was alleged, or that he had a claim against the corporation which in law or equity he might be enabled to set off as against a claim for assessments, or from making any other defense personal to himself; and that the order of assessment was conclusive upon stockholders only in so far as it decided the amount of assets or liabilities of the insolvent corporation and the necessity of making an assessment upon the stock to the extent and in the amount ordered.

The constitutionality of the act was again affirmed in the same court in the later case of *The London &c. Mortgage Co.* v. *St. Paul Park & Improvement Co.,* 84 Minnesota, 144.

The stockholders' liability in Minnesota, as in some other States, has its origin in a constitutional provision, and arises under section 3, article X, of the constitution of that State. The language is:

"*Liabilities of stockholders.*

"Each stockholder in any corporation (excepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business) shall be liable to the amount of stock held or owned by him."

The courts of Minnesota have held that a stockholder's liability is, therefore, fixed and measured by the constitution. *Willis* v. *Mabon*, 48 Minnesota, 140; *McKusick* v. *Seymour, Sabin & Co.*, 48 Minnesota, 158. It is apparent from a consideration of this constitutional provision that its purpose was to make a stockholder liable to the creditors of the corporation in an amount not exceeding the par value of the stock held by him, and thus secure for the benefit of such creditors, in addition to the assets and property which the corporation might possess, the liability of those who hold its stock in a sum necessary to make good any deficiency between the amount of the assets and the debts within the limitation stated. It is evident from the general language used in this constitutional provision that while a remedy might have been worked out in the courts of equity in the State, it was proper if not necessary that a statute should be passed to make more effectual the liability thus secured by the constitution.

In pursuance of that power the legislature passed the act of 1894, which remained in force until the passage of the act of 1899.

The fundamental contention upon which the argument of the plaintiff in error against the constitutionality of this subsequent act rests is that the statute created a contract into which the stockholder entered upon subscribing to or obtaining his stock, which the legislature had no power to change without running counter to the constitutional requirement invalidating laws impairing the obligation of contracts. Constitution, Art. 1, § 10.

It may be regarded as settled that upon acquiring stock the stockholder incurred an obligation arising from the constitutional provision, contractual in its nature and, as such, capable of being enforced in the courts not only of that State, but of another State and of the United States, *Whitman &c.* v. *Bank*, 176 U. S. 559, although the obligation is not entirely contractual and springs primarily from the law creating the obligation. *Christopher* v. *Norvell*, 201 U. S. 216.

Is there anything in the obligation of this contract which is impaired by subsequent legislation as to the remedy enacting new means of making the liability more effectual? The obligation of this contract binds the stockholder to pay to the creditors of the corporation an amount sufficient to pay the debts of the corporation which its assets will not pay, up to an amount equal to the stock held by each shareholder. That is his contract, and the duty which the statute imposes, and that is his obligation. Any statute which took away the benefit of such contract or obligation would be void as to the creditor, and any attempt to increase the obligation be-. yond that incurred by the stockholder would fall within the prohibition of the Constitution. But there was nothing in the laws of Minnesota undertaking to make effectual the constitutional provision to which we have referred, preventing the legislature from giving additional remedies to make the obligation of the stockholder effectual, so long as his original undertaking was not enlarged. There is a broad distinction between laws impairing the obligation of contracts and those which simply undertake to give a more efficient remedy to enforce a contract already made.

This principle was stated by Mr. Chief Justice Marshall in *Sturges* v. *Crowninshield*, 4 Wheat. 122, as follows:

"The distinction between the obligation of a contract and a remedy given by the legislature to enforce that obligation exists in the nature of things, and, without impairing the obligation of the contract, the remedy may certainly be modified as the wisdom of the Nation may direct."

The same rule is recognized in *Hill* v. *Merchants' Ins. Co.*, 134 U. S. 515, wherein a statute was sustained changing the character of the remedy against stockholders in common to one giving a direct remedy against an individual stockholder. The principle was clearly enunciated in *Wagoner* v. *Flack*, 188 U. S. 595–603, in which Mr. Justice Peckham, speaking for the court, said:

"To enact laws providing remedies for a violation of con-

tracts, to alter or enlarge those remedies from time to time as to the legislature may seem appropriate, is an exercise of sovereignty, and it cannot be supposed that the State in a case like this, contracts in a public act of its legislature to limit its power in the future, even if it could do so, with or without consideration, unless the language of the act is so absolutely plain and unambiguous as to leave no room for doubt that its true meaning amounts to a contract by it to part with its power to increase the effectiveness of existing remedies."

See, also, *Wilson* v. *Standefer*, 184 U. S. 399; *New Orleans City &c. Railroad Co.* v. *New Orleans*, 157 U. S. 219.

The liability arising under the constitution of Minnesota was such that legislation was appropriate to make it effectual. We can find nothing in the fact that one legislature has passed an act which would conclude a subsequent law-making body of equal power from passing new and additional measures to make the remedy more effectual. That the first act did not accomplish its purpose is evident. Under it stockholders in another State, who could not be reached by personal service, were immune from liability and the entire burden was cast upon local stockholders. There was no provision for a receiver or assignee beginning action outside the State, and it was held by this court in *Hale* v. *Allinson, supra,* that a chancery receiver was powerless to enforce the rights of creditors beyond the borders of the State. In this condition of affairs the State of Minnesota has undertaken to provide a proceeding for the settlement of insolvent corporations which shall ascertain the assets of the corporation, the extent of the indebtedness of the corporation, the amount to which it is necessary, if at all, to call upon the stockholders' liability. It is obviously an act intended to make effectual the liability which is incurred by stockholders under the constitution of the State, and it ought not to be rendered nugatory unless substantial objection exists against its enforcement. It operates equally upon all stockholders at home and abroad and assesses all by a uniform rule.

We shall proceed to notice some of the specific objections
which are urged against the validity of this legislation by
stockholders who acquired stock before the act of 1899 went
into effect.

It is said that the stockholder is held liable in a proceeding
to which he is not a party. Under the prior act he could only
be held where service could be had upon him personally,
but if we are right in the proposition just announced, that
additional remedies may be provided by legislation, then the
validity of such additional enactments depends not necessarily
upon the personal service upon the stockholder, but upon the
fact whether the remedy provided is a well-recognized means
of enforcing such obligations and not in violation of con-
stitutional rights. It is true that the stockholder is not nec-
essarily served with process in the action wherein the assess-
ment is made under the act of 1899, but no personal judgment
is rendered against him in that proceeding, and it has reference
to a corporation of which he is a member by virtue of his
holding stock therein, and the proceeding has for its purpose
the liquidation of the affairs of the corporation, the collection
and application of its assets and of other liabilities which.
may be administered for the benefit of creditors. In such case
it has been frequently held that the representation which a
stockholder has by virtue of his membership in the corporation
is all that he is entitled to. It was so held in a well-considered
case in Massachusetts, *Howarth* v. *Lombard*, 175 Massachusetts,
570. And it has been held in cases in this court that when
an assessment is necessary to be made upon unpaid stock
subscriptions for the benefit of creditors, the court may make
the assessment without the presence or personal service of stock-
holders. *Hawkins* v. *Glenn*, 131 U. S. 319; *Great Western Tel.
Co.* v. *Purdy*, 162 U. S. 329, 336.

Nor can we see any substantial difference in this respect
between a liability to be ascertained for the benefit of creditors
upon a stock subscription and the liability for the same pur-
pose which is entailed by becoming a member of a corporation

through the purchase of stock whereby a contract is implied in favor of creditors. The object of the enforcement of both liabilities is for the benefit of creditors, and while it is true that one promise is directly to the corporation and the other does not belong to the corporation but is for the benefit of its creditors, either liability may be enforced through a receiver acting for the benefit of creditors under the orders of a court in winding up the corporation in case of its insolvency.

It is sought to distinguish between the Massachusetts case of *Howarth* v. *Lombard,* 175 Massachusetts, *supra,* and kindred cases, and the one at bar, in the fact that when the stock was acquired in that case a statutory provision was already in existence which made the stockholder liable to an assessment in a proceeding in which the stockholder was represented by the corporation. But, as we have said, keeping within the constitutional measure of liability, it was within the power of the legislature of Minnesota to make provisions, within the limits of due process of law, for the liquidation of the affairs of the corporation in a proceeding in the State of its origin, wherein members of the corporation should be sufficiently represented by the presence of the corporation itself. This practice has the sanction of the courts, as we have already shown. It is substantially the procedure authorized by the national banking act, except that the Comptroller of the Currency takes the place of the court, and, without the presence of the stockholders, makes a conclusive assessment. We cannot find any constitutional right belonging to the stockholder which is violated by this change in the character and nature of the remedy against him.

By becoming a member of a Minnesota corporation, and assuming the liability attaching to such membership, he became subject to such regulations as the State might lawfully make to render the liability effectual.

It is further urged that in imposing upon the stockholder the additional expense in a proceeding where the expenses incident to the enforcement of the liability in other States,

and against other parties, are taken into consideration and included in the estimate, there is an unwarranted increase in the amount which could be recovered against the stockholder under the former statute. But remembering at all times that the obligation of the shareholder was the creature of the constitution of Minnesota, we think the fact that the additional expenses were included in the assessment cannot operate to defeat it. Such expenses are incident to the ascertainment of the trust fund, which it is necessary to realize from the liability of stockholders, and as long as these expenses are kept within the amount of the original liability no legal right is violated. *League* v. *Texas,* 184 U. S. 156; *Richmond* v. *Irons,* 121 U. S. 27; *King* v. *Pomeroy,* 121 Fed. Rep. 287.

It is objected that the receiver cannot bring this action, and *Booth* v. *Clark,* 17 How. 322; *Hale* v. *Allinson,* 188 U. S. 56, and *Great Western Mining Co.* v. *Harris,* 198 U. S. 561, are cited and relied upon. But in each and all of these cases it was held that a chancery receiver, having no other authority than that which would arise from his appointment as such, could not maintain an action in another jurisdiction. In this case the statute confers the right upon the receiver, as a *quasi* assignee, and representative of the creditors, and as such vested with the authority to maintain an action. In such case we think the receiver may sue in a foreign jurisdiction. *Relfe* v. *Rundle,* 103 U. S. 222, 226; *Howarth* v. *Lombard,* 175 Massachusetts, 570; *Howarth* v. *Angle,* 162 N. Y. 179, 182.

It is also contended that the action is barred by the statute of the State of New York, limiting to two years the right to bring an action for a debt of a corporation after the defendant ceased to be a stockholder. We do not think the provision of the statute (§ 55, ch. 588, N. Y. Laws, 1892) relied upon covers these cases. It evidently refers to domestic corporations provided for in reference to the stockholder's liability created by the preceding section of the same chapter. The cause of action did not accrue until the receiver could sue

upon the assessment after the stockholder had failed to pay, as required by the order of the Minnesota court of December 22, 1902. *King* v. *Pomeroy,* 121 Fed. Rep. 287. Under the New York statute of limitations there was six years in which to bring the action after it accrued; under § 382 of the code, the Minnesota Thresher Manufacturing Company not being a "moneyed corporation or banking association" within § 394. *Platt* v. *Wilmot,* 193 U. S. 603.

The present suits were brought a little more than one year after the causes of action accrued.

Other objections are urged as to the nature of the proceedings in the court of Washington County, Minnesota, in which the original order was made. We have examined them and think none of them go to the jurisdiction and authority of the court, or are such as would invalidate the order of assessment made therein when sued upon in another jurisdiction.

In what we have said we have noticed the principal objections made to the enforcement of the order of the Minnesota court in another jurisdiction, and, finding no error in the judgment of the court below, it is

*Affirmed.*

MR. JUSTICE HOLMES:

I regret that the court has thought it unnecessary to state specifically what contract the stockholder is supposed to have made, as different difficulties beset the different views that might be taken. It seems to me hard to reconcile the construction adopted with that given to the stronger words of § 5151 of the national bank act in *McClaine* v. *Rankin,* 197 U. S. 154, 161. But under the circumstances I shall say no more than that I doubt the result.