### SHIPMAN v. WILLARD.

(District Court, D. Rhode Island. March 19, 1912.)

No. 2,871.

JUDGMENT (§ 927*)—ACTION ON—NUL TIEL RECORD.

In an action of debt on a judgment, a plea of nul tiel record must be sustained, where plaintiff merely shows proceedings in another state, of which defendant is a nonresident, for the ascertainment of stockholders' liability.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1757; Dec. Dig. § 927.*]

Action by Leonard H. Shipman, receiver, against Ella Willard. Judgment for defendant.

Gardiner, Pirce & Thornley, for plaintiff.
William P. Sheffield, for defendant.

BROWN, District Judge. This is an action at law described in the writ, dated July 10, 1908, as "an action of debt on judgment." Jury trial was waived.

The declaration alleges that in a certain suit in Ohio—

"judgment was obtained by the said Leonard H. Shipman, receiver, against the defendant, by reason of her liability as a stockholder in F. Gray Company, under section 3, art. 13, of the Constitution of the state of Ohio, 1851, and under section 3258 of the Revised Statutes of the state of Ohio."

To this declaration the defendant files several pleas, the first of which is a plea: "Nul tiel record."

The plaintiff at the hearing put in evidence the record of certain proceedings in the case of Sharon National Bank v. American Straw Board Company, had in the court of common pleas for Miami county, state of Ohio. This record sets forth protracted proceedings for the ascertainment of stockholders' liability, but it does not justify the allegations of the declaration. Furthermore, the proceedings under the Ohio statutes wherein an assessment was made upon stockholders did not result in a personal judgment against the defendant, a nonresident, even if they did result in fixing the amount of the obligation of shareholders under the Ohio laws. Bernheimer v. Converse, 206 U. S. 516, 532, 27 Sup. Ct. 755, 51 L. Ed. 1163; Hale v. Allinson, 188 U. S. 56, 81, 21 Sup. Ct. 946, 45 L. Ed. 1031; Irvine v. Bankard (C. C.) 181 Fed. 206, 209.

The form of the action is of special importance, because of the various questions raised as to which of several statutes of limitations is applicable. The plaintiff's contention that the 20-year statute of limitations is applicable, and that the defendant is now precluded by the Ohio record from raising certain questions as to the statute of limitations of Ohio, makes it impossible to regard the contention that this is an action on a judgment as a mere formal matter.

I am of the opinion that the plea of nul tiel record must be sustained. Whether an amendment of the form of action should be allowed at this stage of the case cannot now be determined. The plaintiff, however, may within 20 days file a motion for leave to amend; otherwise, judgment will be entered for the defendant.