IRVINE v. PUTNAM.

(Circuit Court, S. D. California, S. D.   January 9, 1909.)

No. 1,400.

1. CORPORATIONS (§ 253*)—STOCKHOLDER'S LIABILITY—SUIT TO ENFORCE—CONCLUSIVENESS OF DECREE IN PROCEEDING AGAINST CORPORATION.

Rev. St. Ohio 1908, §§ 3260c–3260f, authorizing proceedings against a corporation where its property is insufficient to pay a judgment recovered against it, in which its indebtedness shall be ascertained, and, if necessary, the double liability of the stockholders, imposed by section 3258, enforced by means of an assessment to be collected by a receiver and distributed by the court, contemplate as one of the ultimate objects the winding up of the affairs of the corporation as an insolvent, and in such proceeding each stockholder is represented by the corporation and is bound by the findings and decree therein, although he may be a nonresident of the state and not served with process.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1024–1026; Dec. Dig. § 253.*

Effect of judgment against corporation in action to enforce stockholders' liability, see note to American Nat. Bank v. Supple, 52 C. C. A. 305.]

2. CORPORATIONS (§ 264*) — STATUTORY LIABILITY OF STOCKHOLDERS — ACTION TO ENFORCE—LIMITATION.

Under Rev. St. Ohio 1908, § 3260d, which authorizes the court in a creditors' suit against an insolvent corporation to adjudge the amount payable by each stockholder under the double liability provided for by section 3258, and to appoint a receiver to collect the same, who shall have authority to maintain actions therefor against stockholders in other jurisdictions, limitation does not begin to run against such an action until the entry of the decree fixing the amount of the assessment.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1090; Dec. Dig. § 264.*

Stockholders' liability to creditors in equity, see notes to Rickerson Roller-Mill Co. v. Farrell Foundry & Machine Co., 23 C. C. A. 315; Scott v. Latimer, 33 C. C. A. 23.]

At Law.  On demurrer to complaint.
The complaint is as follows (omitting formal parts):

Comes now the above-named plaintiff, and, for cause of action against the defendant, alleges:

(1) That on the 22d day of August, A. D. 1895, the Columbus, Sandusky & Hocking Railroad Company was duly incorporated under the laws of the state of Ohio; that ever since said date said corporation has been, and now is, a body corporate, organized, created, and existing under and by virtue of the Constitution and laws of the state of Ohio; that said corporation is now, and at all times since its incorporation has been, a citizen and resident of the state of Ohio; that the plaintiff, Ellsworth C. Irvine, is a citizen of the state of Ohio; that the defendant, Henry W. Putnam, is a citizen of the state of California, and is a resident of the city of San Diego, in the Southern division of the Southern district of California; that the matter in controversy in this

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

action exceeds, exclusive of interest and costs, the sum of two thousand dollars ($2,000).

(2) Prior to January 14, 1899, said the Columbus, Sandusky & Hocking Railroad Company was indebted to F. M. Marriott in the sum of one thousand dollars ($1,000), with interest at the rate of seven per cent. (7%) per annum, and to the E. A. Kinsey Company, a corporation organized and existing under the laws of the state of Ohio, in the sum of twelve thousand eight hundred and sixty dollars and fifty-three cents ($12,860.53), with interest from the 15th day of March, 1897, on two hundred and fifty-two dollars and seventy-six cents ($252.76) at seven per cent. (7%) per annum; with interest on one thousand seven hundred and seventy-five dollars and eighty-one cents ($1,775.81) from June 21, 1897, at six per cent. (6%) per annum; with interest on one thousand seven hundred and eighty dollars and seven cents ($1,780.07) from July 8, 1897, at six per cent. (6%) per annum; with interest on four hundred and ninety-four dollars and fifty-six cents ($494.56) from April 15, 1897, at seven per cent. (7%) per annum; with interest on one thousand two hundred and fifty-five dollars and forty-eight cents ($1,255.48) from May 15, 1897, at seven per cent. (7%) per annum; with interest on three thousand three hundred and sixteen dollars and eighty-four cents ($3,316.84) from June 2, 1897, at six per cent. (6%) per annum; with interest on one thousand and twenty-four dollars and seventeen cents ($1,024.17) from May 28, 1897, at seven per cent. (7%) per annum; with interest on one thousand and twenty-four dollars and eighteen cents ($1,024.18) from May 28, 1897, at seven per cent. (7%) per annum; with interest on one thousand and twenty-four dollars and seventeen cents ($1,024.17) from May 28, 1897, at seven per cent. (7%) per annum; with interest on one thousand and twenty-four dollars and eighteen cents ($1,024.18) from May 25, 1897, at seven per cent. (7%) per annum. At said time said the Columbus, Sandusky & Hocking Railroad Company was insolvent, and had no property of any kind or nature which could be in any manner applied to the satisfaction of said debts due the asid F. M. Marriott and said the E. A. Kinsey Company.

(3) On January 14, 1899, in the court of common pleas of Franklin county, Ohio, a court of general jurisdiction, the said F. M. Marriott filed his petition on his own behalf, as well as on behalf of all the creditors of said the Columbus, Sandusky & Hocking Railroad Company, alleging in substance that said railroad company was incorporated with a capital stock of eleven million, six hundred thousand dollars ($11,600,000), divided into one hundred and sixteen thousand (116,000) shares, each of the par value of one hundred dollars ($100); that on October 3, 1898, in the court of common pleas of said Franklin county, Ohio, said F. M. Marriott recovered a judgment against said railroad company for the sum of one thousand and thirty-five dollars and seventy cents ($1,035.70), with interest from October 3, 1898, at the rate of seven per cent. (7%) per annum, and costs taxed at seven dollars ($7); that said judgment, at the time of filing said petition on January 14, 1899, was in full force, unreversed, and unsatisfied; that on October 3, 1898, said railroad company was wholly insolvent, and had been insolvent for two years prior thereto, its property and all property rights and franchises then being in the hands of a receiver and not being of sufficient value to satisfy its bonded indebtedness; that it had no property, real or personal, whereon to levy, out of which any part of said judgment could have been made upon execution, and that said railroad company at said time did not have any property from which the judgment could be satisfied.

In said petition in said cause, the said F. M. Marriott further alleged that the said railroad company had numerous stockholders, whose names and residences were to him unknown; that the number of shares of stock held by each stockholder was to him unknown, and that said stockholders were liable for all the debts of said railroad company. Said F. M. Marriott in said petition prayed that said railroad company be compelled to disclose the names of persons who were then or who had been its stockholders, and to set forth the amounts due from each of said persons, if anything, on their stock, and that said persons when discovered be made defendants in said action in said court of common pleas, and that the names of the creditors of said railroad company be ascertained, together with the amounts due each, in such manner as the

court might direct, and that all stockholders in arrears for subscription for said stock be required to pay the balance due from them, and that each stockholder be required to pay his ratable proportion of any deficit remaining, after the application of the said assets to said debts, in proportion to the amount of stock held by each of said persons.

A summons was issued upon the filing of said petition in said court to the sheriff of Franklin county, Ohio, and the same was served upon the Columbus, Sandusky & Hocking Railroad Company according to law.

Thereafter, on the 22d day of December, 1899, the E. A. Kinsey Company, a corporation duly organized and existing under the laws of the state of Ohio, with its principal place of business in Cincinnati, of said state, duly filed its petition in the court of common pleas of Franklin county, Ohio, against the said the Columbus, Sandusky & Hocking Railroad Company, and others, stockholders in said railroad company, said petition being filed on behalf of the said the E. A. Kinsey Company and all other creditors of the said railroad company. In said petition the said plaintiff, the E. A. Kinsey Company, alleged that the said the Columbus, Sandusky & Hocking Railroad Company was a corporation duly organized on the 22d day of August, 1895, under the laws of the state of Ohio. In said petition the said the E. A. Kinsey Company further alleged that the said railroad company was indebted to it in the sum of twelve thousand eight hundred and sixty dollars and fifty-three cents ($12,-860.53) as aforesaid, with interest on said sum as aforesaid, and that said indebtedness at said time was unpaid and long past due; that on the 2d day of June, 1897, in a certain suit filed in the said United States Circuit Court for the Southern District of Ohio, Eastern Division, wherein the Mercantile Trust Company of New York, as trustee, was complainant and the said railroad company was defendant, a receiver was duly appointed by said United States Circuit Court of all and singular the assets and property of the said railroad company; that said defendant had ceased to do business, and had no property of any kind with which to do business or out of which the claim of the said the E. A. Kinsey Company could be paid, and that it was necessary for the payment of the creditors of said company that the stockholders thereof should be assessed under the laws of the state of Ohio for the full amount of their statutory liability; that said suit by the said the E. A. Kinsey Company was filed to assess the individual and statutory liability upon the said stockholders, and that the names of all of the said stockholders were not known to the said the E. A. Kinsey Company. The said the E. A. Kinsey Company, plaintiff in said action, prayed that the court would ascertain and cause to be made parties defendant in said case all of the stockholders of said railroad company; that the total debts and liabilities of said company, and the amount of each, and the time when each of said debts was contracted, might be ascertained and determined; that the number of shares of stock held by each of said stockholders, and the time during which each of said stockholders respectively owned and held said stock, should likewise be ascertained and determined, and the amount of the assessment necessary and proper to be made to satisfy the said debts and liabilities of the said railroad company should be ascertained, and that, after such ascertainment of the debts and liabilities of the stockholders and entering of proper judgments and assessments, a receiver should be appointed to collect the said judgments and assessments and to distribute the same among the creditors of the said defendant company as the same should be entitled thereto; and that the said plaintiff should have all other and further relief as the circumstances of the case might require, and to which the plaintiff might be found entitled.

Said petition filed by the said F. M. Marriott was numbered upon the dockets of the said common pleas court of Franklin county, Ohio, 39,457, and said petition filed by the said the E. A. Kinsey Company was numbered upon the dockets of the said common pleas court of Franklin county, Ohio, 40,859.

After the filing of the said petition in case No. 40,859, a summons was duly issued to the sheriff of Franklin county, Ohio, and served upon the defendant, the said the Columbus, Sandusky & Hocking Railroad Company, and the other defendants, according to law.

Thereafter, on March 31, 1902, the said court of common pleas of Franklin county, Ohio, on motion duly filed therewith, found, determined, ordered, and

adjudged that said cases No. 39,457 and No. 40,859 had the same object and should be consolidated, and that the same be consolidated and thereafter proceed under the name and style of "Case No. 39,457, F. M. Marriott, Plaintiff. v. The Columbus, Sandusky & Hocking Railroad Company et al., Defendants," and that all rights theretofore accruing in said action be enforced and full relief granted under the name and style aforesaid, and that any further pleadings which might be filed in either of said cases should be docketed under the style and number of said case No. 39,457. Said order and judgment of March 31, 1902, was not appealed from, and remains in full force and virtue in law and altogether unreversed.

In said cause the defendant, Henry W. Putnam, together with all the other stockholders of the said Columbus, Sandusky & Hocking Railroad Company, were made parties defendant, and all of such defendants as resided in the state of Ohio were served with summons, and all other defendants residing outside of the state of Ohio were duly served by publication, in accordance with the statute of the state of Ohio in such cases made and provided.

At the April term of said court of common pleas of said Franklin county, Ohio, for the year 1902, it was ordered and decreed by said court that said consolidated cause No. 39,457 be and the same was thereby referred to Ellsworth C. Irvine, one of the master commissioners of said court, who was thereby ordered to proceed according to law to determine what persons, firms, and corporations (other than those already parties thereto) should be made parties therein, to ascertain the address and residence of each of such stockholders in the defendant corporation, the Columbus, Sandusky & Hocking Railroad Company; to determine what transfers of stock had been made not of record, and those which had been made which were of record, and the dates of each; to determine the solvency and insolvency of the various stockholders, the amount of stock held by each, the indebtedness of said corporation, the names and addresses of its creditors, in such manner as is provided by law, and do all other things necessary, proper, and lawful to enforce the liability of stockholders of said defendant corporation, and to report to said court his findings of fact and his conclusions of law thereon.

In obedience to said order and judgment of said court said master commissioner proceeded to carry out all and singular the directions of said court, and thereafter on the 17th day of March, 1905, said master commissioner duly filed his report containing his conclusions of law and findings of fact, all in accordance with the order and judgment of said court.

Thereafter said cause came on to be heard by said court of common pleas of Franklin county, Ohio, upon the report of said master commissioner, upon the exceptions thereto, and the motion to confirm the same; and at such time the court ordered, adjudged, and decreed that said report be in some respects modified, and as modified confirmed, and duly entered judgments and assessments in favor of the plaintiff and against the several defendants in said cause.

Thereafter, on the 22d day of December, 1906, the plaintiff duly appealed said cause to the circuit court of Franklin county, Ohio, a court of general jurisdiction, and having jurisdiction of said cause on appeal, said cause being numbered 2,503 on the docket of said court: and in said court said cause was duly heard on the 7th day of December, 1907, and it was found, ordered, adjudged, and decreed by said court, among other things, that the shares of stock of said railroad company were of the par value of one hundred dollars ($100) each; that said railroad company, at the time of filing said action in said court of common pleas, was insolvent, and had no assets of any kind with which to pay its debts, and was on December 7, 1907, insolvent, having no assets of any kind with which to pay its debts; that the unpaid, valid, and subsisting debts of said the Columbus, Sandusky & Hocking Railroad Company, as found by the report of said master commissioner, which was duly confirmed by said court, amounted to the sum of seven hundred and forty-seven thousand eight hundred and ninety-four dollars and eighty-two cents ($747,894.82), including interest to March 1, 1905; that by reason of the insolvency of said railroad company and the insolvency of many of its stockholders, it was necessary, in order to pay said indebtedness and the costs in said case, to make an assessment against each of the stockholders of said railroad company in

a sum of money equal to fifty per cent. (50%) of the par value of the total number of shares of said stock owned by each of the stockholders of said company; that the defendant herein is the owner of four thousand three hundred and twenty-seven and sixty-six hundredths (4,327.66) shares of the capital stock of said company, and that there is due from said defendant, Henry W. Putnam, as such stockholder, to the creditors of said railroad company, the sum of two hundred and sixteen thousand three hundred and eighty-three dollars ($216,383); that at the time of filing said action said defendant was a stockholder in said the Columbus, Sandusky & Hocking Railroad Company, and was the owner of four thousand three hundred and twenty-seven and sixty-six hundredths (4,327.66) shares of the capital stock of said company. Said court at said date further ordered, adjudged, and decreed that said Ellsworth C. Irvine, the plaintiff herein, be appointed receiver in said cause, under the statutes of Ohio in such case made and provided, to collect from the various defendant stockholders in said action, including this defendant, the several sums of money found due from said stockholders respectively, and this defendant and all other stockholders of said company were ordered to pay. to said receiver, on or before the 1st day of January, 1908, the various amounts found due and assessed against them and each of them, the amount assessed against this defendant being the sum of two hundred and sixteen thousand three hundred and eighty-three dollars ($216,383), and upon payment of said judgments and assessments said receiver was authorized and directed to give full and proper receipts and acquittances to the defendant herein and to all other stockholders defendant in said case. It was further ordered, adjudged, and decreed in said cause and at said time that said receiver be empowered, and said receiver was authorized, empowered, and directed, to institute and prosecute in his own name as receiver, under the statutes of Ohio in such case made and provided, such action or actions or other proceedings, including the action and proceeding against the defendant herein, in any court of competent jurisdiction, whether in the state of Ohio or elsewhere, which said receiver may deem necessary or proper for the recovery of the amount found due from said defendant and the other stockholders of said railroad company; and said receiver was further authorized and empowered to commence and prosecute such actions against such stockholders, whether the same resided in the state of Ohio or elsewhere, or whether they or either of them were served with process by publication or otherwise; and said receiver was authorized and empowered to commence and prosecute such actions against the defendant herein and all other defendant stockholders in said circuit court of Franklin county, Ohio, who were during the pendency of said action nonresidents of the state of Ohio. And it was further ordered, adjudged, and decreed by said circuit court that the said Ellsworth C. Irvine, as receiver, be and he was invested with the title and ownership, in trust for the creditors of said railroad company, of all and singular the assets, both real and personal, of said the Columbus, Sandusky & Hocking Railroad Company, and of the rights of the creditors of said railroad company against the stockholders thereof, wherever situated or held including the several sums found by said circuit court to be due from the stockholders of said railroad company, including the sum found due from this defendant, as aforesaid; and said receiver was authorized, empowered, and directed to proceed to collect by suit in any court of competent jurisdiction in his name as such receiver, or otherwise, the said sum found due from the defendant herein, and all other sums found due from said defendant stockholders, and any and all debts due and owing said railroad company, and do any and all acts which said the Columbus, Sandusky & Hocking Railroad Company could do, or could have done, for the purpose of recovering any debts due said corporation or properly belonging to it.

Said Ellsworth C. Irvine, as said receiver, duly qualified according to the laws of the state of Ohio, by taking an oath and by giving a bond as required by said court, and thereafter entered upon the discharge of his duties as receiver, and the said Ellsworth C. Irvine is now the duly acting and qualified receiver under and by the order of said court for the purposes aforesaid, his said bond having been duly approved by the clerk of said court.

A true copy of said judgment of said circuit court of said Franklin county,

Ohio, entered on said December 7, 1907, is hereto attached and marked "Exhibit A," and hereby referred to and made a part hereof, as fully as if set up at length herein, and said last-mentioned order and decree have never been in any manner reversed, modified, or set aside.

At the time of the organization and incorporation of said the Columbus, Sandusky & Hocking Railroad Company, and at all times thereafter during its corporate existence, and at the time when the said defendant Henry W. Putnam became a stockholder in said railroad company, as hereinbefore alleged and as determined by said circuit court, it was provided in and by the Constitution of the state of Ohio, pursuant to which the said railroad company was organized and incorporated, that:

"Dues from corporations shall be secured by such individual liability of the stockholders, and other means, as may be prescribed by law; but, in all cases, each stockholder shall be liable, over and above the stock by him or her owned, and any amount unpaid thereon, to a further sum, at least equal in amount to such stock." Article 13, § 3.

At the time of the organization and incorporation of said the Columbus, Sandusky & Hocking Railroad Company, and at the time when said defendant, Henry W. Putnam, became a stockholder of said railroad company, and at the time of the commencement of the actions in the court of common pleas of Franklin county, Ohio, by F. M. Marriott against the Columbus, Sandusky & Hocking Railroad Company et al., cause No. 39,457, and by the E. A. Kinsey Company against said the Columbus, Sandusky & Hocking Railroad Company et al., cause No. 40,859, as hereinbefore alleged, it was provided under the laws of Ohio that:

"The stockholders of a corporation which may be hereafter formed, and such stockholders as are now liable under former statutes, shall be deemed and held liable, in addition to their stock, in an amount equal to the stock by them subscribed, or otherwise acquired, to the creditors of the corporation to secure the payment of the debts and liabilities of the corporation." Rev. St. Ohio, § 3258.

That under said Constitution and general statutes, and the decisions of the courts of the state of Ohio construing and interpreting the same, said agreement and undertaking on the part of the said stockholders is and was at the time herein mentioned, and at the time this defendant became a stockholder of said company, contractual, and runs to and is enforceable for the corporate creditors by the receiver appointed for that purpose, and that the same is enforceable by said receiver in any jurisdiction wherever jurisdiction of stockholders may be obtained; and that said contract and agreement on the part of stockholders grows out of and follows the subscription to or acquisition of the said corporate stock, wherein and whereby each stockholder guarantees the payment of all corporate indebtedness contracted, created, or existing while such stock is held by him, and to the amount of his stock in addition, as aforesaid. And the defendant herein, Henry W. Putnam, when he accepted the stock of said railroad company now owned and held by him, and owned and held by him in accordance with such judgment of said circuit court, accepted the said provisions of the Constitution and laws of the state of Ohio in relation thereto, and agreed to assume and pay the indebtedness of said corporation to the extent of any amount unpaid on his stock, and to a further sum equal in amount to the par value of the said stock owned or held by him therein, or so much thereof as might be necessary for the payment of such indebtedness. Under the said Constitution and laws of the state of Ohio the liability of the said defendant, Henry W. Putnam, upon his agreement aforesaid, was and is a trust fund for the benefit of the creditors of said railroad company.

At the time of the filing of the petitions in said court of common pleas in said cases No. 39,457 and No. 40,859, and for a long time prior thereto, and while the provisions of the said Constitution and laws of the state of Ohio, as aforesaid, were in full force and effect, the defendant herein became and was the lawful owner and holder and had duly and lawfully acquired, subject to the liability and agreement aforesaid, four thousand three hundred and twenty-seven and sixty-six hundredths (4,327.66) shares of the capital stock of the said the Columbus, Sandusky & Hocking Railroad Company, of the ag-

gregate par value of the sum of four hundred and thirty-two thousand seven hundred and sixty-six dollars ($432,766), and that the said shares of stock were duly and lawfully issued to and received and accepted by the said defendant, Henry W. Putnam, and that said defendant has never parted with or transferred any portion of said stock, but has at all times since the issue thereof to him, as aforesaid, continued to be, as he now is, the owner and holder of the same and of all thereof.

At the said time when the said defendant, Henry W. Putnam, so became the owner and holder of said shares of capital stock of the said the Columbus, Sandusky & Hocking Railroad Company, the provisions of the said Constitution and laws of the said state of Ohio were in full force and effect, and became a part of the contract of the said defendant in purchasing and acquiring the ownership of the said shares of stock. And the said defendant, in and by the purchase and ownership and holding of the said shares of the said stock of the said railroad company, duly contracted and agreed, for a valuable consideration, that he would be and remain responsible with the other stockholders of the said railroad company for all of the contracts, debts, and engagements of the said company, while he remained such stockholder, to the amount of his stock therein, at the par value thereof, to wit, to the amount of four hundred and thirty-two thousand seven hundred and sixty-six dollars ($432,766).

That it is, and was during all of the time herein mentioned provided by the laws of the state of Ohio, Revised Statutes, as follows:

"Sec. 3260. Whenever any creditor of a corporation seeks to charge the directors, trustees or other superintending officers of a corporation, or the stockholders thereof, on account of any liability, created by law, he may file his complaint for that purpose in any common pleas court which possesses jurisdiction to enforce such liability.

"Sec. 3260a. The court shall proceed thereon, as in other cases, and when necessary, shall cause an account to be taken of the property and obligations due to and from such corporation, and may appoint one or more receivers.

"Sec. 3260b. If, on the coming in of the answer or upon the taking of such account, it appears that such corporation is insolvent, and has not sufficient property or effects to satisfy such creditor, the court may proceed to ascertain the respective liabilities of the directors, officers and stockholders, and enforce the same by its judgment, as in other cases.

"Sec. 3260c. In all cases in which the directors or other officers of a corporation, or the stockholders thereof, are made parties to an action in which a judgment is rendered, if the property of such corporation is insufficient to discharge its debts, the court shall give notice to non-resident stockholders as provided in sections 5048, 5049, 5050, 5051 or 5052 of the Revised Statutes, and shall first proceed to compel each stockholder to pay in the amount due and remaining unpaid on the shares of stock held by him, or so much thereof as is necessary to satisfy the debts of the company.

"Sec. 3260d. If the debts of the company remain unsatisfied, the court shall proceed to ascertain the respective liabilities of the directors or other officers and of the stockholders, and to adjudge the amount payable by each, and enforce the judgment, as in other cases. The court may authorize and direct the receiver to prosecute such action in his own name as receiver, as may be necessary, in other jurisdictions to collect the amount found due from any officer or stockholder.

"Sec. 3260e. Whenever any action is brought against any corporation, its directors or other superintending officers, or stockholders, according to the provisions of this chapter, the court, whenever it appears necessary or proper, may order notice to be published, in such manner as it shall direct, requiring all the creditors of such corporation to exhibit their claims and become parties to the action, within a reasonable time, not less than six months from the first publication of such order, and, in default thereof, to be precluded from all benefit of the judgment which shall be rendered in such action, and from any distribution which shall be made under such judgment.

"Sec. 3260f. Upon a final judgment in any such action against an insolvent corporation, the court shall cause a just and fair distribution of the property

and assets of such corporation or the proceeds thereof to be made among its creditors."

The said circuit court of Franklin county, Ohio, in its judgment of December 7, 1907, in cause No. 2,503 on the docket of said court, duly found, ascertained, adjudged, and decreed that said defendant, Henry W. Putnam, was duly served with process in said cause No. 39,457 by publication, in accordance with the laws of the state of Ohio in such case made and provided.

This plaintiff, by virtue of the laws of the state of Ohio and his appointment and qualification as receiver in said cause No. 2,503, as hereinbefore alleged, became and now is the representative of all the creditors of said railroad company, and is vested with the title to all and singular the rights of action possessed by said railroad company, including the aforesaid liability of its stockholders and the liability of this defendant to the creditors of said company, as hereinbefore alleged, and is duly authorized to maintain this action against the defendant herein to recover the sum aforesaid assessed against him, and that he was adjudged to be liable by said circuit court of Franklin county, Ohio.

The plaintiff herein, as such receiver, has demanded of the defendant, Henry W. Putnam, that he pay to said receiver the said sum of two hundred and sixteen thousand three hundred and eighty-three dollars ($216,383), but said defendant has wholly neglected and refused to pay said sum or any part thereof, and under and by virtue of the order and decree of said circuit court of Franklin county, Ohio, in said cause No. 2,503, and of the Constitution and laws of the state of Ohio and the United States of America, there is due and owing from said defendant, Henry W. Putnam, to the plaintiff, as said receiver, the sum of two hundred and sixteen thousand three hundred and eighty-three dollars ($216,383), with interest thereon provided by the laws of the state of Ohio at the rate of six per cent. (6%) per annum from the 7th day of December, 1907, no part of which has been paid.

Wherefore said plaintiff, as said receiver, prays judgment against said defendant Henry W. Putnam for the sum of two hundred and sixteen thousand three hundred and eighty-three dollars ($216,383), with interest at the rate of 6 per cent. per annum from the 7th day of December, 1907, and for the costs of this action.

## Defendant interposed the following demurrer:

Comes now the above-named defendant, Henry W. Putnam, and demurs to the complaint of the above-named plaintiff, on file herein, and for grounds of demurrer thereto says:

(1) That the court has no jurisdiction of the subject of the action.

(2) That the plaintiff has no legal capacity to sue.

(3) That the complaint does not state facts sufficient to constitute a cause of action.

(4) That the cause of action attempted to be set up in said complaint of said plaintiff is barred by the provisions of section 338 of the Code of Civil Procedure of the state of California.

(5) That the cause of action attempted to be set up in said plaintiff's complaint is barred by the provisions of subdivision 1 of section 338 of the said Code of Civil Procedure of the state of California.

(6) That the cause of action attempted to be set up in said plaintiff's complaint is barred by the provisions of section 339 of the Code of Civil Procedure of the state of California.

(7) That the cause of action attempted to be set up in said plaintiff's complaint is barred by the provisions of subdivision 1 of said section 339 of the Code of Civil Procedure of the state of California.

(8) That the cause of action attempted to be set up in said plaintiff's complaint is barred by the provisions of section 361 of the Code of Civil Procedure of the state of California.

(9) That the cause of action attempted to be set up in said plaintiff's complaint is barred by the provisions of section 4981 of the Revised Statutes of Ohio.

Wherefore defendant prays that plaintiff take nothing by his said action, and that said action be dismissed.

Lawler, Allen, Van Dyke & Jutten (Stewart & Stewart, Fred C. Rector, and T. E. Powell, of counsel), for plaintiff.

Stearns & Sweet, for defendant.

### Conclusions of the Court on Demurrer to Complaint.

WELLBORN, District Judge. Defendant's contention that the doctrine of representation does not apply to this case, because, under the decisions of the Supreme Court of Ohio, the individual, or, as otherwise called, superadded liability of the stockholder, is not an asset of the corporation, but a security provided by law for the exclusive benefit of creditors, over which the corporate authorities have no control, and which contention is the groundwork of defendant's argument in support of his demurrer, it seems to me, is disposed of by the following language of the Supreme Court in Bernheimer v. Converse, 206 U. S. 516, 27 Sup. Ct. 755, 51 L. Ed. 1163:

"And it has been held in cases in this court that, when an assessment is necessary to be made upon unpaid stock subscriptions for the benefit of creditors, the court may make the assessment without the presence or personal service of stockholders. Hawkins v. Glenn, 131 U. S. 319, 9 Sup. Ct. 739, 33 L. Ed. 184; Great Western Tel. Co. v. Purdy, 162 U. S. 329, 336, 16 Sup. Ct. 810, 40 L. Ed. 986.

"Nor can we see any substantial difference in this respect between a liability to be ascertained for the benefit of creditors upon a stock subscription and the liability for the same purpose which is entailed by becoming a member of a corporation through the purchase of stock whereby a contract is implied in favor of creditors. The object of the enforcement of both liabilities is for the benefit of creditors, and while it is true that one promise is directly to the corporation, and the other does not belong to the corporation but is for the benefit of its creditors, either liability may be enforced under the orders of a court in winding up the corporation in case of its insolvency."

While one object of the Ohio statute is to enforce the stockholder's individual liability, yet sections 3260c–3260f also contemplate and provide for the winding up of the affairs of the corporation.

Section 3260c directs that, if the property of the corporation is insufficient to discharge its debts, the court shall, in the first place, collect unpaid subscriptions, "or so much thereof as is necessary to satisfy the debts of the company." The particular method of collecting these subscriptions is not prescribed, but manifestly it is by assessments.

The next section, 3260d, provides that, if the unpaid subscriptions are not sufficient to pay off the debts of the corporation, the court shall ascertain and adjudge the individual liabilities of the stockholders, and and may authorize and direct its receiver to enforce such liabilities in other jurisdictions.

The next section, 3260e, provides for the bringing into the action of all the creditors of the corporation, which would be wholly unnecessary if the act did not look to a full settlement of corporate affairs.

The last section, 3260f, directs that:

"Upon a final judgment in any such action against an insolvent corporation, the court shall cause a just and fair distribution of the property and assets of such corporation, or the proceeds thereof to be made among its creditors."

This hurried analysis of the statute shows that it contemplates, as one of its ultimate objects, the winding up of the affairs of the corporation, and a comprehensive and efficient plan is by the statute provided for the accomplishment of said object.

Furthermore, one of the grounds, and a ground sufficient in itself, to support the doctrine of representation, is that, by becoming a stockholder, a person contracts with reference to the remedies which are or may be provided for the enforcement of individual liabilities, as well as the collection of unpaid subscriptions, or, quoting from the fourth paragraph of the syllabus in Bernheimer v. Converse, supra,

"One who becomes a member of a corporation assumes the liability attaching to such membership, and becomes subject to such regulations as the state may lawfully make to render the liability effectual."

The contract, therefore, by which the defendant in the case at bar acquired his stock was made with reference to the statute of Ohio above referred to, and said statute becomes a part of his contract of membership in the corporation, and its provisions as to the enforcement of individual liability are as binding upon the defendant as those relating to the collection of unpaid subscriptions.

Besides, if there were any difficulty growing out of the fact that in Ohio the individual liability is not, strictly speaking, a corporate asset, it would be purely technical, and to withhold the doctrine of representation in cases of individual liability, and yet apply it to unpaid subscriptions, because of such difficulty, would be in direct conflict with the spirit of the enunciation of the Supreme Court in Bernheimer v. Converse, supra, as follows, quoting from the third paragraph of the syllabus (underscoring mine):

"An act intended to make effectual a liability which is incurred by stockholders under the Constitution of the state, and which operates equally upon all stockholders and assesses all by a uniform rule, should not, in the absence of *substantial* reasons be rendered nugatory. * * * "

The action is not barred by the statute of limitations. Goss v. Carter, 156 Fed. 746, 84 C. C. A. 202, in my opinion, correctly interprets and applies Bernheimer v. Converse, supra, and it is sufficient to say that, on the authority of these two cases, without reviewing here in detail the large number of other cases cited in the respective briefs of the parties, the demurrer must be overruled.