IRVINE v. PUTNAM.

SAME v. DELANO.

(Circuit Court, S. D. New York. February 9, 1911.)

**1. RECEIVERS (§ 210*)—FOREIGN RECEIVERS—STOCKHOLDERS' LIABILITY—ENFORCEMENT.**

Where an assessment against stockholders of a railroad company was levied by an Ohio state court, a receiver appointed by such court was entitled to sue on the assessment and recover the same against stockholders in the courts of New York.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 417–420; Dec. Dig. § 210.*]

**2. LIMITATION OF ACTIONS (§ 58*)—LIABILITY OF STOCKHOLDERS—ASSESSMENTS—ACCRUAL.**

Limitations do not begin to run against an assessment against stockholders of a railroad company in insolvency proceedings prior to the entry of a decree levying such assessment.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 327; Dec. Dig. § 58;* Corporations, Cent. Dig. §§ 1084–1093.]

Action by Ellsworth C. Irvine, as receiver, etc., of the Columbus, Sandusky & Hocking Railroad Company, against Henry W. Putnam, Jr., and against Warren Delano, Jr. On demurrer to complaint. Overruled.

Baldwin & Hutchins and McLaughlin, Russell, Coe & Sprague (Rufus W. Sprague, Jr., of counsel), for plaintiff.

Cravath, Henderson & De Gersdorff (Walker D. Hines, of counsel), for defendants.

COXE, Circuit Judge. [1] These actions are brought by the plaintiff, as receiver, appointed by the court of common pleas of Franklin county, Ohio, against the defendants as stockholders of the Columbus, Sandusky & Hocking Railroad Company to recover the amounts assessed against them by the said court of common pleas.

The defendants demur upon the following grounds:

First: That this court has no jurisdiction of the subject of the action.

Second: That the plaintiff has no legal capacity to sue: (1) He has no title to the alleged claim sufficient to authorize him to maintain these actions; (2) he has no power to sue outside the jurisdiction of Ohio and no power or authority to sue in this court; (3) the Ohio court had no jurisdiction to confer upon the plaintiff, as receiver or otherwise, the title to the claims against the defendants or the authority to maintain these actions; (4) that the words "Receiver, etc.," appearing after his name are merely descriptio personæ.

Third: That the complaint does not state facts sufficient to constitute a cause of action.

Fourth: That the laws of Ohio relied on by plaintiff are in contravention of the Constitution of the United States in so far as they attempt to authorize these actions.

The question, then, briefly stated, is this—assuming all the facts

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

190 F.—21

alleged in the complaints to be true, can the actions be maintained? In the suit of this plaintiff against Henry W. Putnam—the complaint was almost identical with the complaint in these actions—a demurrer containing similar averments to those now under consideration was overruled by the Circuit Court for the Southern District of California. Irvine v. Putnam, 167 Fed. 174.

In July, 1910, the Circuit Court for the District of Maryland, in Irvine v. Bankard, 181 Fed. 206 (the issues being substantially the same as in the actions at bar), after carefully reviewing all the defenses, rendered a decision for the amount demanded and interest. This was a decision, apparently, made at the trial after issue joined on complaint and answer.

In Hamilton v. Simon, 178 Fed. 133, this court directed a verdict for the plaintiff in an action based on the Minnesota statute in which many of the questions here mooted were decided adversely to the defendants' contention.

[2] In the case of Bernheimer v. Converse, 206 U. S. 516, 27 Sup. Ct. 755, 51 L. Ed. 1163, the Supreme Court upheld an assessment under the Minnesota statute in a suit brought by the receiver in this court against stockholders who were not parties to the assessment proceedings. The Minnesota statute and the proceedings thereunder were attacked upon the same general lines as in the present case and the defense was interposed that the suit was barred by the statute of limitations. Regarding this defense the court says:

"The cause of action did not accrue until the receiver could sue upon the assessment after the stockholder had failed to pay as required by the order of the Minnesota court of December 22, 1902, King v. Pomeroy, 121 Fed. 287 [58 C. C. A. 209]. Under the New York statute of limitations there was six years in which to bring the action after it accrued, under section 382 of the Code."

It is asserted that the question of the bar of the statute can be considered upon demurrer because it appears on the face of the complaint that the limitation is an inseparable qualification of the right and that more than 18 months elapsed between the time the obligation became enforceable against the defendants and the commencement of the action. On the other hand, the plaintiff insists that the statute of limitations is a defense which must be pleaded and cannot be considered on demurrer.

There is force in this contention but it is unnecessary to decide the point as, in my opinion, the cases cited dispose of the question of limitation adverse to defendants' contention. Some of the questions presented by the present demurrers differ in form from those considered in prior litigations, but I have no reason to think that those decisions would have been otherwise if the demurrers now under consideration had been interposed.

In any view, I think that the questions argued should not be disposed of on demurrer.

The demurrers are overruled, with leave to the defendants to answer within 20 days from the date of the orders overruling the demurrers.