FRENCH v. BUSCH.

(Circuit Court, E. D. New York. July 28, 1911.)

1. CORPORATIONS (§ 262*) — STOCKHOLDERS — SUBSCRIPTION LIABILITY — DEFENSES.

Where in proceedings by an insolvent corporation's receiver to recover a stock subscription liability stock assessed under a decree of the court in which the insolvency proceedings were pending exceeded in amount the stock issued as bonus to bondholders under a mortgage, an objection that all claims against the corporation except those of bondholders had been paid, and that defendant owned no stock except bonus stock, was insufficient as a complete defense, though it might have been urged as a partial defense to a definite part of the assessment.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 262.*]

2. CORPORATIONS (§ 246*)—INSOLVENCY—ACTION AGAINST STOCKHOLDER—NATURE OF LIABILITY.

Where a receiver of an insolvent corporation had title to the right to call for an assessment on stockholders under a decree of the court in insolvency proceedings against the corporation, the stockholders' liability was several and not joint.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 981, 982; Dec. Dig. § 246.*]

3. CORPORATIONS (§ 268*)—STOCKHOLDERS—LIABILITY—PLACE OF PAYMENT.

Where a decree in insolvency proceedings against a corporation imposed a statutory liability on stockholders and directed payment to the receiver, and a notice was given requiring payment to be made to the receiver within a specified time, a complaint to enforce such liability was not defective for failure to allege the place where payment was to be made.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 268.*]

4. CORPORATIONS (§ 268*)—STOCKHOLDERS—STATUTORY LIABILITY—COMPLAINT.

Where an action against stockholders of an insolvent corporation brought by the receiver to enforce a statutory liability for unpaid stock, was based on a chancery decree in insolvency proceedings, the complaint was not objectionable for indefiniteness in that it was impossible to tell whether it was based on the statute of the state of the corporation's domicile or on the language of an agreement supposed to have been entered into as a definition of the statutory liability imposed by that statute.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1129–1141; Dec. Dig. § 268.*]

5. CORPORATIONS (§ 243*)—STOCK—"SUBSCRIPTION"—BONUS TO BONDHOLDERS.

Where corporate stock was given to bondholders of a corporation as a bonus to induce them to purchase the bonds, their acceptance of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

stock as such bonus constituted a subscription sufficient to carry any liability that might attach thereto.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 952; Dec. Dig. § 243.*

For other definitions, see Words and Phrases, vol. 7, pp. 6727-6732.]

6. CORPORATIONS (§ 268*)—STOCK SUBSCRIPTION—STOCKHOLDERS' LIABILITY—ENFORCEMENT.

Where a corporation's receiver, in a suit to enforce a stockholder's liability on shares issued as a bonus to purchasers of bonds, showed that the subscription to the bonds to which the stock passed as an incident, was received prior to the time of the corporation's suspension, the complaint was not defective for failure to definitely allege that the corporation was entitled to assess such stock at the time of its suspension.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1129-1141; Dec. Dig. § 268.*]

7. CORPORATIONS (§ 268*)—INSOLVENCY—STOCKHOLDERS' LIABILITY—ASSESSMENT.

Where an assessment was levied on stockholders of an insolvent corporation by a decree in insolvency proceedings, an allegation in an action against a stockholder to enforce such assessment, that he had notice thereof, was sufficient.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1129-1141; Dec. Dig. § 268.*]

8. PLEADING (§ 216*)—COMPLAINT—DEMURRER.

In an action to enforce a stockholder's liability under a decree imposing a stock assessment in insolvency proceedings, a defense that defendant had no notice of the decree could not be determined on demurrer.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 216.*]

9. PLEADING (§ 217*)—DEMURRER TO ANSWER—OBJECTIONS TO COMPLAINT—LIMITATIONS.

On demurrer to an answer, the demurrer could not be carried back and sustained to the complaint because plaintiff did not affirmatively show that the cause of action was not barred by limitations.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 540-548; Dec. Dig. § 217.*]

10. CORPORATIONS (§ 268*)—STOCKHOLDERS' LIABILITY—ASSESSMENT—PLEADING.

Where a stockholder sued while receiver of a corporation to recover a statutory liability, divided a defense into three parts as applied to three separate holdings of stock, such partial defenses should have been stated as a complete defense to a part of the cause of action, and the three so-called partial defenses united into one defense with three several statements as to the acquisition of stock, or else should specify that each acquisition of stock is an answer to a particular portion of the complaint represented by one-third of the stock referred to.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. 268.*]

11. CORPORATIONS (§ 243*)—STOCKHOLDERS' LIABILITY—BONUS STOCK.

That bonus stock to be delivered to subscribers for bonds of a corporation was transferred to a trust company holding the mortgages securing the bonds, and by it transferred to the bondholders on their purchase of bonds, could not relieve the latter from their statutory liability as stockholders with respect to creditors of the corporation.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 243.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

189 F.—31

12. CORPORATIONS (§ 268*) — INSOLVENCY — STOCKHOLDERS' LIABILITY—DE-
FENSES.

In an action to enforce a stockholder's liability for unpaid stock, an allegation that defendant had paid for a part of the stock by a convey-ance of certain real estate stated a sufficient defense pro tanto.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 268.*]

13. CORPORATIONS (§ 243*)—STOCK SUBSCRIPTION—DEFENSES.

In an action by a receiver of an insolvent corporation to recover a stock assessment, an allegation that B. was to receive the entire capital stock in consideration of certain services and that all the stock was to be held in trust by defendant until it was available, by mutual agreement, the use of B. stated no defense to a proper call on the record-holder of the stock for payment of an assessment.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 243.*]

14. CORPORATIONS (§ 262*)—STOCK ASSESSMENTS—DEFENSES.

In an action on a corporate stock assessment made by a court in in-solvency proceedings, an allegation that defendant held certain of the stock as collateral security with certain bonds for a loan made by him, was demurrable as a collateral attack on the jurisdiction of the court making the assessment against defendant as owner of the stock.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 262.*]

15. CORPORATIONS (§ 268*)—STOCK ASSESSMENT—COUNTERCLAIM.

In an action against a stockholder of an insolvent corporation on a stock assessment, a counterclaim alleging that defendant held bonds of the corporation amounting to $202,900 with interest at 5 per cent. from June 1, 1902, and that he was entitled to set off such amount against his al-leged subscription liability of $206,250 was not demurrable.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 268.*]

Action by Thomas E. French as receiver of the Agnew Company against Clarence M. Busch. On demurrer to defendant's answer. Overruled in part and sustained in part.

Burlingham, Montgomery & Beecher (Herman S. Hertwig and Morton L. Fearey, of counsel), for plaintiff.

W. Russell Osborn, for defendant.

CHATFIELD, District Judge. A New Jersey corporation for conducting a sanitarium at Atlantic City has been in the hands of a receiver under the laws of New Jersey, and that receiver has brought suit in this district against an individual stockholder who was also a holder of certain bonds of the company, and therefore a presum-ably secured creditor thereof. It is shown by the papers that the assets realized much less in amount than the claims of the secured creditors, and that therefore a large deficiency upon the bonds is in existence and that there are, or were, also, a number of unsecured claims. The complaint alleges that the subscriptions to certain stock were not paid although the stock was issued, and the receiver has made a demand, under the New Jersey law and under a decree of the New Jersey Court of Chancery, for the amount of these sub-scriptions from the stockholders. His present action is based upon this demand, and he asks that the defendant be compelled to pay over to him the amount of the assessment levied, viz., $206,250, with interest from February 1, 1908, the date of making demand, the shares being $50 each, and the receiver needing some $250,000

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to cover the balance of the secured claims and the unsecured claims, with the expenses of the receivership proceeding. As has been said, the defendant is the largest one of the various stockholders who are alleged to be in similar case, and the amount of the demand upon these various stockholders totals about the amount of the unpaid balance of debts and expenses. In the Court of Chancery of New Jersey a decree has been made directing that the stock of these various individuals be assessed in the amounts referred to in the demand in question. The defendant herein was allowed by such decree, upon bonds held by him, $147,700, and, as general creditor, $1,008.25, but it was ordered that payment of these claims be deferred until defendant, as in the case of the other stockholding creditors, pay the contribution or assessment fixed by such decree.

The plaintiff in his complaint recites these allegations with others, charging that the defendant has utterly failed to respond to the demand, and asks for judgment for the amount of the assessment with interest, as has been stated. The defendant has answered setting up a denial on information and belief as to certain allegations and an absolute denial as to others (with the exception of admitting that he was a stockholder or incorporator of the company) thus covering the entire bill of complaint. He then interposes as separate defenses what he calls a first, second, and third complete defense to the complaint, fourth and fifth partial defenses to the complaint, and sixth, an offset or counterclaim based on his alleged ownership of bonds totaling $202,900, with interest. The plaintiff has demurred to the first, second, and third distinct defenses, to the fifth partial defense, and to the counterclaim, charging in general that these defenses and counterclaim are insufficient, and that the court has not jurisdiction of the counterclaim as to subject-matter nor under the provisions of section 501 of the New York Code of Civil Procedure. The general denial and alleged fourth partial defense do not seem to be questioned by demurrer. It will be necessary to take these matters up point by point, although an elaborate discussion of each point need not be had.

[1] The first defense which is demurred to on the ground that it is insufficient in law is an allegation that the insolvent company provided (in the mortgage to secure which the bonds referred to were given) that each purchaser of bonds should receive a bonus of stock, and that by agreement among the bondholders themselves, no liability can now be shown against these stockholders to pay for the stock which they received as such bonus, and that the receiver has no claim on account of this right, inasmuch as there are no creditors but the bondholders. This point was covered by the decree in New Jersey, but that decree was based upon a finding that obligations for the payment of which an amount could be had were then outstanding. The pleadings herein show that all claims except those of bondholders have been paid, and that the stock alleged to have been given as a bonus was taken by these bondholders with knowledge thereof. Inasmuch, however, as the stock assessed exceeds in amount the stock issued as bonus, it would seem to be no defense to an assess-

ment on stock under a statutory liability, to show that, as to some of the stock, the bondholders might be estopped from demanding contributions from each other to the extent of the stock issued as a bonus to the bonds which others received. If this defense were urged as a partial defense to a definite part of the assessment, it could be considered on the merits. But as a complete defense it is not available on the pleadings and the demurrer should be sustained.

[2] There seems to be no misjoinder of causes of action, and the receiver has title to the right to call for such an assessment, and may sue in any jurisdiction where the suit can be maintained, upon the decree of the New Jersey court establishing the rights of the New Jersey corporation for its creditors. The defendant herein is said to have been duly served, and his obligation to the corporation or its creditors has been fixed in the chancery suit. His liability is several, not joint with any other stockholder.

[3] The defendant on the argument of the demurrer to his answer has gone back to an examination of the complaint in order to search that for defects, under the theory that a demurrer to a subsequent pleading will take the court back to the first deficient pleading in the case. As a result of this examination the defendant claims that the notice of call to pay the assessment referred to, as set forth in the complaint, does not specify a place of payment, citing Statutes of New Jersey, General Laws 1896, c. 185, § 22. The defendant cites a number of cases to show that such a notice should strictly comply with the statute as in Schenectady & Saratoga Plank Road v. Thatcher, 11 N. Y. 102; Rutland & B. R. Co. v. Thrall, 35 Vt. 536. But in the case at bar, the place of payment was to the receiver. Certainly, the creditors would have no difficulty in finding or in knowing the place of business of the court officer who was required by the very conditions of his appointment to hold himself within reach of the persons having to do business in the particular matter, and the notice is plainly a demand under the decree that within a certain time the same be paid to the receiver, which is sufficiently definite to comply with the statute.

[4] A second objection to the complaint is that of indefiniteness in that it is said to be impossible to tell whether it is based upon the statute of New Jersey above referred to, or whether it is based upon the language of the agreement supposed to have been entered into, as a definition of the statutory liability imposed by that statute. The decree in chancery being a part of the proceeding upon which the complaint is based, and the complaint referring to a statutory liability enforced by that decree, there would seem to be no merit in this objection, which is a collateral attack on the decree itself.

[5] 3. The defendant alleges that, if the plaintiff be claiming under the statute, the statute bases liability solely upon the shares of stock subscribed for. The defendant claims that the record of the complaint shows that these shares of stock had been received, but not subscribed for. This is a question that has already been disposed of by the decree in chancery in New Jersey, which had jurisdiction to determine that question for this court. But it may

be said that the purchase of a certain number of shares of stock in connection with the purchase of bonds would certainly be a subscription for those shares and would carry any liability that might attach thereto. An acceptance of the stock would be sufficient to bring the purchaser or beneficiary within the terms of a statutory subscription, if the stock were liable to any further burden.

[6] 4. In following out this last point the defendant objects to the complaint because of a lack of definite statement that the right to call the assessment in question belonged to the company at the time of its suspension, or, in other words, that the shares of stock were subscribed to prior thereto. But the complainant does show that they had been received prior to that time as a bonus, with whatever obligations followed thereupon, and hence this objection is of no weight.

[7] 5. The defendant also suggests that the complaint seems to charge an appearance by the defendant in the proceeding with reference to the assessment of the stockholders. They point out from the copy of the order attached that no formal recital of appearance upon the second proceeding, with respect to the present defendant, can be found.

[8] An allegation that the defendant had notice is sufficient as pleading, but without extraneous testimony the affirmative defense of lack of notice cannot be determined, hence cannot be disposed of on demurrer by a party admitting thereby the denial of actual jurisdiction of the New Jersey court.

[9] 6. The defendant next raises the statute of limitations as a defense and suggests that the statute begins to run from the time when a right to assess accrues; citing Bernheimer v. Converse, 206 U. S. 516, 27 Sup. Ct. 755, 51 L. Ed. 1163, which applies the New York statute.

Whether or not the statute of limitations is a defense cannot be disposed of upon demurrer, because the right to assess might not occur until the stock was delivered under the subscription. The date of organization of the company, which preceded the 6-year period by 34 days, is not fixed as the time from which the affirmative defense must run, and the defendant does not rely upon any allegation to that effect, nor is *any answer* interposed on this ground. The complaint, therefore, cannot be dismissed for this reason. In fact, the statute of limitations is a defense, and to hold that the plaintiff must negative all defenses in the form of its complaint is a novel suggestion even upon the argument of a demurrer to an answer.

Points 7, 8, and 9. It is urged that the demurrer to the separate partial defenses should be dismissed for the reason that, taken together, the three partial defenses make a complete defense. It may be assumed that if a party undertakes to unite three separate holdings of stock as the foundation for claiming that he is not liable upon an assessment, then he must plead a complete defense depending upon three allegations of fact.

[10] If he wishes to divide this defense, upon the theory that the cause of action is separable into three parts, then his partial

defense should be stated as a complete defense to a part of the cause of action. Hence, it follows that technically the demurrer should be sustained and the three so-called partial defenses must be united into one defense with three several statements as to the acquisition of stock; or else should specify that each acquisition of stock is an answer to the particular portion of the complaint (if that portion can be specified) represented by one-third of the stock referred to.

[11] 10. The next defense to which demurrer is interposed alleges that the rights of action for such an assessment were transferred to the trust company holding the mortgages as security for the bonds. But it must be held that the terms of such a trust agreement cannot relieve parties from the statutory liability with respect to creditors and the demurrer to this defense must therefore be sustained.

[12] 11. The next defense is an allegation that the defendant has paid for his stock by a conveyance of certain real estate as a consideration for some of the stock in question, and that this was a fair and reasonable consideration therefor. It would seem that a demurrer admitting the allegations of this defense admits the validity of the defense, inasmuch as it would admit payment for the stock. Such a defense, if maintained, would clearly be good, and hence the demurrer on that point must be overruled. It is suggested that this is pleaded as a complete defense and hence is insufficient, but it is apparent that the defense is urged merely to a part of the cause of action and can be defined by proof.

[13] 12. The defense that one Wilmer R. Batt was to receive the entire capital stock in consideration for certain services, and that all of the stock was to be held in trust by the defendant until it was available by mutual agreement the use of the said Batt, would seem to be no defense to proper call upon the record holder of the stock for the payment of an assessment. Whether or not Batt might be brought in as the real party in interest, or whether under the New Jersey laws he might be liable in any way to pay the assessment, does not seem to relieve the defendant from liability, and hence this is not a defense, and the demurrer should be sustained.

[14] 13. An alleged partial defense, that the defendant holds certain of the stock simply as collateral security with certain bonds, for a loan made by him, would again question the jurisdiction of the New Jersey court in assessing him as owner, and would further make the defendant allege that stock which he held as a record owner as valid for the purpose of security, was invalid as an actual issue of stock, because he, the holder of the security, happened to be the owner of the stock. This would be plainly bad, and the demurrer should be sustained.

[15] The only remaining ground of defense is an alleged counterclaim to the effect that the defendant holds bonds to the amount of $202,900, with interest at 5 per cent. from June 1, 1902, which he suggests as a set-off against the subscription of $206,250, with interest, which is claimed for the stock. The plaintiff demurs to this counterclaim upon the ground that the New Jersey court has fixed the liability for the assessment and that this court cannot speculate as to whether or not the bondholders will receive back the entire amount

of bonds if the entire stock subscription be paid up, or whether if any of the subscribers fail, a particular bondholder may ultimately receive less than he has to pay. But the record does not show that that question of counterclaim was before the New Jersey court, nor do the amounts correspond. The demurrer admits the allegation of the counterclaim as to the amount of the holding by defendant, but proof will be needed to determine the exact rights of the parties.

It is urged that this counterclaim is not sufficient in form under the laws of New York, and that permission to urge the counterclaim against the officer of the New Jersey court has not been obtained. But these grounds of demurrer do not seem good, nor does it seem that the validity of the counterclaim can be passed upon on demurrer, for again the plaintiff is relying upon his own pleading in the complaint, as denied by the answer, to establish the allegations upon which he attacks the answer, and the defendant has a right to contest those allegations by evidence.

The demurrer to the counterclaim should, therefore, be overruled.

The various demurrers will be overruled in part and sustained in part as indicated herein, and the defendant may plead over where necessary.