LONDON–ARIZONA CONSOL. COPPER CO. v. GILA COPPER SULPHIDE CO.

In re UNION & NEW HAVEN TRUST CO.

(District Court, S. D. New York. January 2, 1919.)

1. RECEIVERS ⊙⟶71—RIGHT OF MORTGAGEE TO INCOME FROM MINE.

Where a receiver of a mining company has been appointed to conserve the assets of the company, and as such receiver is in receipt of the profits from the operation of the mine under a contract for the sale of its ore, such receiver as against a mortgagee not in possession of the mine is, under the statutes of Arizona, which require a mortgage to be foreclosed by action, entitled to receive and retain such profits.

2. RECEIVERS ⊙⟶52—MORTGAGE FORECLOSURE—EXTENSION OF PRIOR RECEIVERSHIP.

Where a clause in a deed of trust authorizes the trustee in case of default to take possession of the property covered thereby, and to collect the rents and profits thereof, such clause in an action in the federal court in which a receiver has already been appointed of the rents and profits is a remedy in foreclosure, which authorizes the court in which the receiver has been appointed to extend such receivership from the time of such application by the trustee under the mortgage for the benefit of the mortgagee. Until such application is made the rents and profits belong to the receiver of the mortgagor.

⊙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3.** RECEIVERS ☞52—MORTGAGE FORECLOSURE—ANCILLARY APPOINTMENT OF RECEIVER.

As a court having jurisdiction over the property itself in the state wherein it is located may, in an action to foreclose a mortgage, appoint a receiver of the rents and profits, even where a statute of the state provides "all mortgages * * * shall, notwithstanding any provision contained in the mortgage, be foreclosed by action in a court of competent jurisdiction," an analogous application may be made to the court having jurisdiction over a receiver appointed in another jurisdiction in a suit to conserve assets of the corporation, and that court which has jurisdiction over that receiver may make an order ancillary to the foreclosure suit.

In Equity. Suit by the London-Arizona Consolidated Copper Company against the Gila Copper Sulphide Company. On motion by the Union & New Haven Trust Company, intervener, for order on receiver. Modified order granted.

This is a motion to compel the receiver appointed in a sequestration suit against a corporation to pay to the petitioner moneys collected under the following circumstances: The defendant, an Arizona corporation, executed a mortgage to the petitioner on April 1, 1913, of all its property, consisting of a copper mine in that state, then in possession of the American Smelting & Refining Company, under an agreement by which the latter was to extract the ore and pay the defendant stipulated sums. This mortgage contained, among other provisions, two: Article 13, permitting the mortgagee upon default to enter and collect the rents and profits and pay the principal and interest due; and article 14, permitting a similar entry with right of sale.

The interest upon this mortgage becoming due in April, 1918, a default also occurring in the covenant for a sinking fund, the mortgagee was asked under the mortgage by the bondholders to take possession, and on April 17th appointed an agent to take possession of the mine. The mortgagee on the same day wrote to the American Smelting & Refining Company advising them that it was taking possession through its agent, and demanding payment to itself under the contract between the defendant and the smelting company. To this the smelting company replied on the next day by a mere acknowledgment. On April 20, 1918, the mortgagee notified the defendant that it was taking possession under the mortgage, to which the defendant replied that it would hold the mortgagee responsible.

On April 22, 1918, the defendant consented to a judgment creditor's bill in sequestration of its assets in this district, and a receiver was appointed who was also appointed receiver under a similar bill filed in the United States District Court of Arizona on the 27th. The petitioner's agent did nothing by way of taking physical possession of the mine, but the petitioner filed a bill to foreclose the mortgage in July, 1918, which is still pending and which prays for possession under article 13 of the mortgage.

The moneys in question are those paid in the city of New York by the smelting company to the receiver under the mining contract and now held in a New York bank. They arose after his appointment and up to the filing of this motion. In August, 1918, the petitioner moved apparently in the Arizona foreclosure suit to be allowed to take possession of the mine under the mortgage, which motion was denied on December 14, 1918. The mortgage was expressly made subject to the contract between the defendant and the smelting company.

Origen S. Seymour, of New York City, for Union & New Haven Trust Co.

Wm. P. Maloney, of New York City, for receiver and Gila Copper Co.

LEARNED HAND, District Judge (after stating the facts as above). [1] The mortgagee's theory is that by article 13 of the mortgage it got the right to possession upon demand, after default, and that, even though it had no actual possession, its right to the rents and profits arose at that date. Dow v. Memphis R. R. Co., 124 U. S. 652, 8 Sup. Ct. 673, 31 L. Ed. 565. That was a bill to compel surrender of possession after default under a clause similar to article 13, and an account was allowed from the filing of the bill, which was treated as a demand. Now it is very doubtful whether the letter of April 20th from the mortgagee to the defendant can be treated as a demand for possession. On the contrary, it merely advised the defendant that it was "taking possession." Nor did it secure an attornment from the smelting company by its letter of April 17th and the latter's answer of April 18th, which was only an acknowledgment.

However, I do not think that it makes any difference whether the letters can be construed as a demand or as an attornment, because I regard article 13 of the mortgage, quite as much as article 14, as being a remedy for the foreclosure of the same. It is true that under article 13 there is no right of sale, but only to collect and apply the rents and profits in extinguishment of so much of the debt as may be due; but it is a remedy none the less to pay the debt out of the property, and it seems to me immaterial that no part of the corpus can be touched. In any event, I regard it as much within the scope of paragraph 4113 of the Arizona Civil Code, as article 14. That paragraph reads as follows:

"All mortgages * * * shall, notwithstanding any provision contained in the mortgage, be foreclosed by action in a court of competent jurisdiction."

That this covers foreclosure by sale was decided in Schwertner v. Provident, etc., Association, 17 Ariz. 93, 148 Pac. 910, and, while there is no decision upon the subject, I hold it to cover a provision like article 13. Hence that article cannot give a right of entry without suit. Teal v. Walker, 111 U. S. 242, 252, 4 Sup. Ct. 420, 23 L. Ed. 415.

[2] This being true, the receiver must be held to have collected the funds upon the account of the defendant at least until the filing of the bill of foreclosure. This was an independent bill, as I understand it, praying among other things that the mortgagee might be let into possession. At that time the property was in the actual possession of the smelting company to which the mortgage was subject, and, so far as any other possession was possible, in the possession of the receiver in the Arizona sequestration proceeding. Therefore in no aspect could the prayer be granted. The proper course was to apply in that proceeding for an order extending the receivership for the mortgagee's benefit in the rents accruing under the contract. Sullivan v. Rosson, 223 N. Y. 217, 119 N. E. 405; N. Y. Security Co. v. Saratoga Gas & Elec. Lt. Co., 159 N. Y. 137, 53 N. E. 758, 45 L. R. A. 132. The prayer under these circumstances does not seem to me to fall within Dow v. Memphis Ry., supra, since it was incapable of being granted

as it stood. However, even if this be untrue, the mortgagee actually moved apparently in the foreclosure suit under that prayer for possession and has been denied. I cannot, therefore, recognize the prayer as a valid exercise of the right conferred under article 13 without directly contradicting this decision. Up to the present time, therefore, there has been nothing which has changed the status of the defendant, and its right, conceded not to exist until default, has not been changed after default. The money already accumulated will therefore not be held upon account of the foreclosure decree.

[3] Nevertheless, I see no reason why this motion should not be treated as one to extend the receivership for the benefit of the mortgagee so far as concerns any profits which the receiver shall first receive in New York. As to any profits received in Arizona, I must leave them to the disposition of that court; but article 13 should be made effective whenever it legally can.

Section 4098 of the Arizona Revised Statutes does not appear to me pertinent. In the case at bar the mortgage did by express terms authorize the mortgagee to take possession. The limitations on that right are that he must exercise it only by foreclosure suit; the substantive right nevertheless exists. Judge Sloan's affidavit is not to the contrary of this. He says that in his opinion the mortgagee cannot get possession, "unless an action is brought to foreclose the same in a court of competent jurisdiction and judgment awards him possession." This appears to me to mean that possession may be awarded in such cases. Where, however, there is already a third party in possession and a receiver entitled to receive the rents, an analogous application may be made to the court having jurisdiction over that receiver. And where the rents arising from a third party's possession are first received by a receiver appointed in this jurisdiction, this court which has jurisdiction over that receiver may make a similar order ancillary to the foreclosure suit. This seems to me the only way in which the rights secured by article 13 can under the circumstances be enforced. Enforced in some way they should be.

It is not clear just what was the purport of the decision of the motion decided in Arizona on December 4, 1918. I need only say that there is no evidence in the record that it concluded the mortgagee upon his right to avail himself of article 13. Such an effect is not to be presumed. Whether it was made in the foreclosure suit or in the sequestration suit does not appear, either; but I cannot see that that makes any difference.

Therefore the petitioner may take an order requiring the New York receiver to hold all moneys for the account of the final decree in the Arizona foreclosure suit which he has received and shall receive from the date of this application. Otherwise the motion is denied.